The Athletic Association of the University of Illinois, a Nonprofit Corporation of the State of Illinois, and Howard J. Braun, Plaintiffs-Counter Defendants-Appellants, v. Virginia Crawford, Defendant-Counter Claimant-Appellee.

Gen. No. 10,443.

Third District.

September 18, 1963.

T. G. Knappenberger, Jr., of Champaign, for appellants.

Busch, Harrington & Porter, of Champaign, and Lemna & Lee, of Tuscola, for appellee.

CARROLL, PRESIDING JUSTICE.

On August 27, 1957, plaintiff filed a complaint in the Circuit Court of Douglas County seeking to recover the cost of repairing certain damage to its automobile alleged to have been caused by the negligence of the defendant, Virginia Crawford. On September 26, 1957, the defendant filed her Answer and Counterclaim for personal injuries against plaintiff and its agent and servant, Howard J. Braun, who was joined as an additional party. On February 27, 1958, Braun filed his motion to strike the Counterclaim as to him. The

record discloses no further action was taken by any of the parties to the cause until March 11, 1960, at which time the Court, on its own motion, dismissed the cause for want of prosecution. On May 4, 1962, or over two years later, the defendant Counter-claimant, who will be referred to herein as the defendant, filed a verified motion to reinstate the cause, alleging that she had not been given notice of the Court's intention to dismiss the cause for want of prosecution; that since the occurrence she had been continuously under a doctor's care; that not until August 1961, had she reached maximum recovery; and that because she was under treatment during such period, she could not have a trial. On June 22, 1962, plaintiff and Braun, referred to herein as plaintiffs, who limited their appearance to challenging the jurisdiction of the Court, filed separate motions to strike defendant's motion to reinstate the cause. The grounds asserted in such motions to strike were that defendant's motion was filed more than 30 days after entry of the dismissal order at which time the Court had lost jurisdiction to entertain the same; and that no appeal had been taken from said order. On July 5, 1962, the Court heard defendant's motion to reinstate, and plaintiffs' motions to strike the same; and on July 27, 1962, entered an order reinstating the cause, and denying plaintiffs' motions. From such order, plaintiffs prosecute this appeal.

The decisive question presented on this review, is whether the trial court's order of March 11, 1960, was final and appealable. If the answer thereto is in the affirmative then the trial court's reinstatement order of July 27, 1962, cannot stand. At the time the dismissal order was entered, Rule 18 of Rules of Practice of the 6th Judicial Circuit of Illinois, which includes Douglas County, provided as follows: "All cases in which no appeal is pending, and in which no motion or order has been made for two years may be summarily

54

dismissed by the Court and shall not thereafter be re-docketed without good cause shown." The record establishes that the last motion or order made in the case prior to its dismissal was on February 27, 1958, when Braun moved to strike defendant's Counterclaim. It thus appears that when the trial court dismissed the cause the two-year period specified by Rule 18 had elapsed; that the Court acted pursuant to such rule is indicated by its order which reads as follows: "Upon Court's own motion, cause dismissed without prejudice for want of prosecution, in that over two years have expired since last docket entry pertaining to suit." The defendant prosecuted no appeal from such dismissal order and it stood unchallenged until nearly 26 months later when she filed a motion to reinstate the cause.

It is apparent from the record that the trial court in denying plaintiffs' motion and ordering the cause reinstated labored under the misapprehension that the order entered on March 11, 1960 was not final. That such was the case is indicated by the docket entry made following the July 5, 1962 hearing, which reads as follows: "Hearing resumed. Finding by the Court that no final appealable order has been entered in this cause, particularly as to docket entry made on March 11, 1960. Motion to reinstate granted."

 The order entered March 11, 1960 was final in its nature. An order dismissing a cause for want of prosecution is an involuntary nonsuit, and is appealable. Liberty Mut. Ins. Co. v. Congress Michigan Automobile Park, Inc., 19 Ill App2d 502, 154 NE2d 298; Craven v. Craven, 407 Ill 252, 95 NE2d 489; Zisook v. Industrial Commission, 347 Ill App 178, 106 NE2d 156. The jurisdiction of the trial court to entertain a motion to set such an order aside ends with the expiration of 30 days after its entry. (Section 50(6) of the Civil Practice Act.) Under Section 72 of the Practice Act,

application for relief from final orders may be made by filing a petition not later than two years after the entry thereof. Here the motion was not filed until after the expiration of the two-year limitation and accordingly did not qualify as a petition under Section 72. Even if it were filed within the prescribed time, it advanced no grounds upon which the Court could grant relief under such Section.

Apparently conceding that failure to file her motion within the prescribed time renders the same fatally defective, defendant now contends that the March 11, 1960 order did not dismiss her Counterclaim but applied only to the original action. The record would seem to indicate that defendant did not entertain such view when she filed her motion to reinstate the cause. If, as now argued, the Counterclaim was not dismissed then defendant having no interest in the case in chief would have had no occasion to apply to the trial court for a reinstatement order. She could have asked the Court to set the Counterclaim for trial. However in her motion defendant made no distinction between the Counterclaim and the case in chief, but merely recited that the cause had been dismissed on March 11, 1960 and prayed that "said cause" be reinstated. The order of July 27, 1962 recited that "The motion by defendant and counterclaimant, Virginia Crawford, to reinstate the cause on the docket is granted. Cause reinstated." There is no merit in defendant's contention. The order of March 11, 1960 accomplished a complete disposition of the whole case. It was final and thereafter the cause was no longer pending in the trial court.

For the reasons indicated, the order of July 27, 1962 reinstating the cause is reversed.

Reversed.

REYNOLDS and ROETH, JJ, concur.