(No. 47296.—

RICHARD B. KOLLATH, Appellee, v. CHICAGO TITLE AND TRUST CO., Trustee, *et al.*, Appellants.

*Opinion filed November 17, 1975.*

CREBS, J., took no part.

Albert E. Arnstein, of Chicago, for appellants.

Raymond I. Suekoff and Martin L. Silverman, of Chicago (Suekoff and Silverman, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The plaintiff, Richard Kollath, brought an action in the circuit court of Cook County on November 27, 1968, to foreclose a mechanic's lien for architectural services he had rendered. The case was placed on the calendar of the late Judge Herbert Paschen and was called up on October 4, 1971. When the plaintiff failed to appear, the case was dismissed for want of prosecution.

Section 50(5) of our Civil Practice Act provides:

"The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1969, ch. 110, par. 50(5).)

On November 3, 1971, 30 days after the dismissal, the plaintiff's attorney filed a notice of motion in the office of the clerk of the circuit court of Cook County and paid the required ten-dollar filing fee. No motion was filed with the notice. The notice stated that the plaintiff's attorney would appear on the following day, November 4, 1971, before Judge Paschen and that he would move to vacate the dismissal and reinstate the cause for trial. The notice of motion also stated that a copy of the notice of motion had been served on the defendants' attorney by mailing it on November 2, 1971, to his office at 111 West Washington Street, Chicago. It is undisputed that in November of 1971 the attorney's office was located at 77 West Washington Street, Chicago, and the plaintiff has admitted that the notice had been erroneously addressed.

The plaintiff's attorney appeared before Judge Paschen on November 4, 1971, and made an oral motion to vacate the order of dismissal. The motion was allowed and the case was reinstated for trial. Ten months later, in August of 1972, the plaintiff retained a different attorney to represent him in the case. The new attorney prepared to move to substitute for the plaintiff's attorney of record and sent a notice of motion to the defendants' attorney at his correct address on August 24, 1972. Upon ascertaining what had occurred in the case the defendants' attorney filed a petition to set aside the order of reinstatement of November 4, 1971, and requested the court to declare void all proceedings held thereafter. He filed an affidavit in which he stated that he never received any notice of motion in November 1971; that he was never notified of the hearing held on November 4, 1971, or of the order entered on that date; and that he first learned of them on August 25, 1972.

Upon the death of Judge Paschen the case had been assigned to another judge and on December 20, 1972, defendants' petition was denied. The defendants, however, then moved the court to vacate its order of December 20, and on January 5, 1973, the court vacated the order of

December 20 and declared void the order of November 4, 1971. The court also reinstated the order of October 4, 1971, which had dismissed the case for want of prosecution. The appellate court, on the plaintiff's appeal, reversed the circuit court, holding that the notice of motion filed on November 3, 1971, satisfied the requirement that a motion be filed within 30 days and that the failure to provide notice of the motion to the defendants did not make the November 4 order a nullity. (24 Ill. App. 3d 353.) We granted the defendants' petition for leave to appeal.

The defendants' contention to us is that the notice of motion filed on November 3, 1971, was not a motion or the equivalent of a motion and that, therefore, the plaintiff did not comply with the requirements of section 50(5) that a motion be filed within 30 days. They further contend that in any event the proceeding of November 4, 1971, was a nullity as the defendants never received prior notice of it.

Section 50(5) clearly provides that a court may only "on motion filed within 30 days after entry" set aside a final order. There is no suggestion that the filing of a notice of motion will satisfy the requirement of a motion. A notice of motion serves separate and distinct purposes from those served by a motion. It is but a declaration of intention. It advises interested persons that a motion will be made at a given time and place in the case concerned. If the motion is in fact made, the presence of the executed notice of motion informs the court that the notice according to its terms has been given the persons indicated. A notice of motion is not itself an application to a court, that is, it is not a motion. The plaintiff did not move or apply to the court for a vacation of the order of dismissal within 30 days and therefore did not meet the requirement of section 50(5).

The appellate court did not hold that a notice of motion is the equivalent of a motion, but apparently

deemed that as the plaintiff's notice served to inform the court that "a motion to reinstate a dismissed case would be argued on a future date," that would satisfy the requirements of 50(5). (24 Ill. App. 3d 353, 356.) We consider, however, as is obvious from our discussion, that a motion must be filed within 30 days under the terms of section 50(5). As the plaintiff did not file a motion to vacate the dismissal within 30 days, the court lacked jurisdiction to entertain his oral motion on November 4, 1971.

For the reasons stated the judgment of the appellate court is reversed, and the order of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.