MARIAH L. SUNDERLAND, a Minor, *et al.*, by their Court-appointed Guardian *ad litem*, Joseph Poell, Plaintiffs-Appellees, v. STEVEN A. PORTES *et al.*, Defendants-Appellants (Sam Sookhakitch *et al.*, Defendants).— MARIAH L. SUNDERLAND, a Minor, *et al.*, by their Court-appointed Guardian *ad litem* Joseph Poell, Plaintiffs-Appellees, v. SAM SOOKHAKITCH *et al.*, Defendants-Appellants (Steven A. Portes *et al.*, Defendants).

Second District   Nos. 2—00—0814, 2—00—0818 cons.

Opinion filed August 1, 2001.—Rehearing denied August 29, 2001.

Rita M. Alliss and Philip F. Ackerman, both of Altheimer & Gray, of Chicago, for appellants Daniel J. Lynch, Steven A. Portes, and Primary Care Family Center, S.C.

Michael L. Henrick, Stephen R. Swofford, Christine L. Olson, and Michael

J. Freeman, all of Hinshaw & Culbertson, of Chicago, for appellants Sam Sookhakitch, M.D., Ltd., and Sam Sookhakitch.

Robert J. Hauser, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Minor plaintiffs, Mariah Sunderland and Ryder Sunderland, through their next friends, Edward Sunderland and Miranda Sunderland, and Edward and Miranda Sunderland individually, filed a medical malpractice complaint against defendants, Steven A. Portes, M.D., Daniel J. Lynch, M.D., Primary Care Family Center, S.C. (collectively Primary Care defendants), Sam Sookhakitch, M.D., Sam Sookhakitch, M.D., Ltd. (collectively Sookhakitch), and respondents in discovery who are not parties to this appeal. In 1997 the trial court granted summary judgment in favor of Sookhakitch and later dismissed plaintiffs' cause of action with prejudice in its entirety. In 1999, the minor plaintiffs, pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)), filed a petition to vacate the summary judgment order and the dismissal order.

The trial court entered an order that allowed the minors to refile their cause of action against all defendants and, at the same time, granted defendants' motions to dismiss the minors' petition to vacate. The court later entered an order vacating the summary judgment order and the dismissal order. Both Sookhakitch and the Primary Care defendants have appealed from the order granting the minors leave to refile their cause of action. In addition, Sookhakitch appeals from the court's vacatur of the order granting summary judgment in his favor, and the Primary Care defendants appeal from the vacatur of the order dismissing the cause of action with prejudice as to all defendants. Defendants contend that the trial court lacked the authority to vacate the summary judgment and dismissal orders and to allow the minor plaintiffs to refile their cause of action. Their appeals have been consolidated.

We have jurisdiction over this matter pursuant to Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)), which provides for the interlocutory review of a judgment or order granting or denying the relief requested in a petition under section 2—1401 of the Code.

On March 2, 1995, plaintiffs filed a complaint alleging medical negligence in connection with the prenatal care defendants provided to Miranda Sunderland while she was pregnant with minors Mariah and Ryder Sunderland. The complaint alleged that the minors, who were born on October 26, 1994, suffered severe, disabling, permanent

brain damage as a result of defendants' negligence. Miranda and Edward Sunderland, the minors' parents, brought the action on behalf of the minors as their next friends.

Plaintiffs were represented by the Law Offices of Patrick A. Salvi, P.C., which later changed its name to Salvi & Schostok, P.C. The Salvi firm withdrew as plaintiffs' counsel on April 9, 1997. The record is silent regarding the reason for the withdrawal. The order granting the Salvi firm leave to withdraw stated, in relevant part:

"B). Plaintiff has 21 days to file appearance of new counsel.

C). If no new counsel appears within 21 days of this date, this case shall be dismissed."

Plaintiffs did not obtain new counsel after the Salvi firm withdrew.

On May 21, 1997, Sookhakitch filed and presented a motion for summary judgment. The summary judgment motion was based solely upon Sookhakitch's affidavit stating that he did not violate the standard of care in treating Miranda Sunderland or the minors. The summary judgment motion was uncontested, as plaintiffs were not represented by counsel and no one appeared on their behalf. The trial court granted summary judgment in Sookhakitch's favor on May 21, 1997. The court's order contained a finding, pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal.

On June 5, 1997, the case came up on a "special progress call." Finding no appearance in the court file on behalf of plaintiffs, the trial court entered an order dismissing their cause of action with prejudice as to all defendants and all respondents in discovery.

Nothing further happened in the case until approximately two years later, on June 4, 1999, when the minors, through their guardian *ad litem*, Joseph Poell, filed a petition pursuant to section 2—1401 of the Code to vacate the summary judgment order and the dismissal order entered against them. The petition to vacate further requested that the minors be allowed to proceed with their action against defendants and file an amended complaint.

The petition to vacate alleged that Judge David Hall had appointed Poell as the minors' guardian *ad litem* in matters that had been filed in other divisions of the circuit court of Lake County. On or about December 22, 1998, Judge Hall authorized Poell to investigate whether the minors had a viable medical negligence action against any of the physicians who treated them or their mother prior to their delivery. On June 3, 1999, an order was entered in case numbers 96—D—1394 and 97—F—476 authorizing Poell to file a medical negligence action on the minors' behalf. Further, the minors alleged that the court should have appointed a guardian *ad litem* for them in 1997 instead of dismissing their cause of action with prejudice.

Initially, the petition to vacate was filed in the wrong division under case number 95—MR—407, instead of 95—L—407. After a few weeks, the case was transferred to the law division and eventually was brought before Judge Bernard Drew, who had entered the summary judgment and dismissal orders.

Defendants moved to dismiss the petition to vacate pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1998)). After the matter was fully briefed, Judge Drew denied defendants' motions to dismiss, finding that, due to the minors' age and disability, there was no lack of due diligence in filing the petition to vacate. Defendants filed a "Motion to Clarify" Judge Drew's order. Judge Drew did not rule on the motion to clarify because he retired. Instead, the matter was transferred to Judge Terrence Brady.

On May 19, 2000, Judge Brady entered an order granting defendants' motions to dismiss the petition to vacate on the grounds that (1) the summary judgment order entered on May 21, 1997, was voidable; and (2) the order entered on June 5, 1997, dismissing plaintiffs' cause of action with prejudice was not a final order because the trial court lacked the authority to dismiss the cause with prejudice at that time. Consequently, Judge Brady concluded that, because the orders the minor plaintiffs sought to vacate were not final, relief under section 2—1401 was not available. In addition to dismissing the petition to vacate, Judge Brady ordered that the minors had the right to refile a cause of action against all defendants in a new, separately filed and numbered case.

Defendants moved to reconsider Judge Brady's ruling. The minor plaintiffs filed a motion to vacate the summary judgment order of May 21, 1997, and the dismissal order of June 5, 1997, because Judge Brady did not specifically vacate those orders in the order of May 19, 2000. On June 29, 2000, Judge Brady denied defendants' motion to reconsider and granted the minors' motion to vacate, commenting on the record that the May 21, 1997, and June 5, 1997, orders were voidable and the court had intended to vacate them in its order of May 19, 2000. Defendants' timely appeal followed.

•1 A petition for relief from judgment invokes the equitable powers of the trial court, which should prevent enforcement of a judgment when it would be unfair, unjust, or inequitable. *In re Marriage of Stufflebeam*, 283 Ill. App. 3d 923, 928 (1996). "The primary concern in ruling on a motion to vacate is whether substantial justice is being done between the litigants and whether it is reasonable under the circumstances to proceed to trial on the merits." *Marren Builders, Inc. v. Lampert*, 307 Ill. App. 3d 937, 941 (1999). A reviewing court will not disturb a trial court's ruling on a section 2—1401 petition to vacate

absent an abuse of discretion. *In re Marriage of McGlothlin*, 312 Ill. App. 3d 1145, 1147 (2000). An abuse of discretion occurs when the trial court acts arbitrarily or when the trial court's decision exceeds the bounds of reason and ignores established principles of law resulting in substantial prejudice. *Marren*, 307 Ill. App. 3d at 941. We agree with the trial court that the summary judgment order entered against defendants was voidable and properly vacated. We disagree, however, with the basis of the trial court's ruling.

•2 In its order of May 19, 2000, the trial court stated as follows with respect to the summary judgment order:

> "1. The trial court entered a voidable order on May 21, 1997, when it granted Defendants SOOKHAKITCHs' motion for summary judgment against the Plaintiff minors. Indeed, by the court's own language in its order of April 7, 1997 [*sic*, the correct date of the order is April 9, 1997], it cautioned the Plaintiffs that *if no new counsel appeared within 21 days, the case shall be dismissed.* Such dismissal procedurally could only be a non-final order without prejudice." (Emphasis in original.)

While not entirely clear, it appears from the above order that the trial court ruled that the summary judgment order was voidable because any dismissal that resulted from the trial court's order of April 9, 1997, was not a final order. We do not agree with this analysis. At the time the summary judgment order was entered, no dismissal order had been entered against plaintiffs. Although the order of April 9, 1997, said that the case "shall be dismissed" if no new counsel appeared for plaintiffs within 21 days, the order was not self-executing. The order dismissing plaintiffs' cause of action as to all defendants with prejudice was not entered until June 5, 1997, approximately two weeks after the summary judgment order was entered. Consequently, plaintiffs' cause of action was still pending at the time the summary judgment order was entered and, contrary to the trial court's ruling, the summary judgment order was a final order. We do agree with the trial court, however, that the summary judgment order was voidable. Based on our review of the record, we conclude that the order was voidable because the minors did not have adequate representation at the time the order was entered and the trial court should have appointed a guardian *ad litem* for them.

•3 Before discussing the guardian *ad litem* issue, however, we will address whether the minors met the requirements for a petition to vacate. Both the Primary Care defendants and Sookhakitch contend that the minors failed to meet those requirements. To succeed on a section 2—1401 petition to vacate, the moving party must set forth specific allegations demonstrating (1) a meritorious claim or defense,

(2) due diligence in presenting the defense or claim to the circuit court in the original action, and (3) due diligence in bringing the petition to vacate. *McGlothlin*, 312 Ill. App. 3d at 1147. A section 2—1401 petition allows a party to bring before the trial court matters that, if known at the time of judgment, would have precluded its entry. *In re Marriage of Himmel*, 285 Ill. App. 3d 145, 148 (1996). However, post-judgment review is not to be used to relitigate matters that were or could have been raised on direct appeal or to relieve a party of its own mistakes or negligence. *Himmel*, 285 Ill. App. 3d at 148.

●4 Defendants argue that the minors did not allege any new facts in their petition to vacate that were not before the trial court when it entered the summary judgment and dismissal orders. We disagree. At the time the summary judgment and dismissal orders were entered, the trial court knew that the minor plaintiffs' attorneys had withdrawn but did not know that the minors' parents would never obtain new counsel and would do absolutely nothing to protect the minors' interests. These were sufficient new facts to satisfy the requirements of section 2—1401.

The Primary Care defendants further assert that the minors were not duly diligent, ignoring the well-established principle that courts may relax due diligence requirements in cases of manifest injustice (*Safety-Kleen Corp. v. Canadian Universal Insurance Co.*, 258 Ill. App. 3d 298, 302 (1994)). We agree with the trial court that justice requires the relaxation of the due diligence requirements in this case. Because of the minors' age, disability, and lack of representation during the two years that passed between the entry of the summary judgment and dismissal orders and the filing of the petition to vacate, it would be manifestly unjust to find a lack of due diligence. Moreover, the minors' guardian *ad litem* filed the petition to vacate the day after he was authorized to do so. Accordingly, there was no lack of due diligence that would have prevented the vacatur of either the summary judgment or dismissal order.

●5 Turning to the guardian *ad litem* issue, we hold that the summary judgment order was voidable because of the trial court's failure to appoint a guardian *ad litem* for the minors prior to entering summary judgment against them and dismissing their cause of action. Sookhakitch argues that the trial court was not required to appoint a guardian *ad litem* because the minors' parents represented them as next friends. While it is generally true that the failure to appoint a guardian *ad litem* is not reversible error when a minor is represented by a next friend (*Morgan v. Hamlet*, 345 Ill. App. 107, 109 (1951)), we hold that such is not the case when, as here, the next friends abandoned their obligation to protect the minors' interests.

Sookhakitch fails to acknowledge the long-standing rule that minor parties are wards of the court (*Johnson v. Turner*, 319 Ill. App. 265, 286 (1943)) whom the court has a duty to protect *"even from the neglect of their representative* in order to do substantial justice" (emphasis added) (*Brandon v. DeBusk*, 85 Ill. App. 3d 645, 648 (1980)). Thus, when a court has notice that a minor is present without proper representation, the court has a duty to appoint a guardian *ad litem* to protect the minor's interests. *McDonald v. McGowan*, 163 Ill. App. 3d 697, 699 (1987). Once the court has done so, the court must monitor the guardian *ad litem* to make sure that he or she is properly protecting the minor's interests. *Skaggs v. Industrial Comm'n*, 371 Ill. 535, 542 (1939).

We see no reason why the duty to appoint a guardian *ad litem* should not apply when next friends utterly fail to protect the interests of the minors whom they purport to represent, as did the parents in this case. Courts have held that in cases where a next friend's interests conflict with the minor's interests, such as where the next friend is a parent who opposes allowing the minor visitation with the other parent, the trial court is obligated to appoint a guardian *ad litem* for the minor before deciding any issue that may affect the minor. *McDonald*, 163 Ill. App. 3d at 699. While the record in the case before us does not reveal a conflict of interest *per se*, in our view the parents' failure to do anything to prosecute the minors' cause of action was so harmful to the minors' interests as to require the appointment of a guardian *ad litem*.

It is well established that "[w]here the court has jurisdiction of the subject matter and of the person, a judgment obtained against a minor, where no guardian ad litem had been appointed or where a guardian ad litem who had been appointed had so culpably failed to represent the minor in the action that judgment was entered, is voidable and may be set aside by appropriate proceedings." *Rom v. Gephart*, 30 Ill. App. 2d 199, 207-08 (1961). A petition for relief from the judgment is the appropriate method for requesting that such judgment be vacated. *Rom*, 30 Ill. App. 2d at 208 (referring to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1961, ch. 110, par. 72 (now 735 ILCS 5/2—1401 (West 1998)))). In our view it makes no difference whether judgment has been entered against a minor defendant or a minor plaintiff. In either case the minor's rights have been significantly affected such that the interests of justice require that the judgment be vacated. Accordingly, because the minors in the case at bar had no representation whatsoever at the time the summary judgment motion was filed and granted, we agree with the trial court that the summary judgment order was voidable and should be vacated.

•6 Next, we address the court's vacatur of the order dismissing the minors' cause of action with prejudice following their parents' failure to obtain new counsel. Judge Brady held that the dismissal order was not final because Judge Drew did not have the authority to dismiss the cause of action with prejudice. We agree.

Section 13—217 of the Code (735 ILCS 5/13—217 (West 1998)) provides that when an action is dismissed for want of prosecution the plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater." Here, the statute of limitations applicable to the minor plaintiffs provided:

> "If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed." 735 ILCS 5/13—211 (West 1998).

According to section 13—211, the limitations period for the minors' cause of action had not expired at the time the dismissal order was entered and still has not expired. Consequently, because the minors still had the right to refile, Judge Drew lacked the authority to dismiss their cause of action with prejudice for want of prosecution and Judge Brady properly vacated the dismissal with prejudice.

The Primary Care defendants argue that a dismissal for want of prosecution with prejudice is a final and appealable order. This argument completely ignores the general principle that dismissals for want of prosecution are not final orders. Our supreme court has held that an order dismissing a cause for want of prosecution (DWP order) becomes final only when the period for refiling expires. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 502 (1998). A DWP order cannot be considered final as long as the option to refile is still available to the plaintiff. *Vaughan*, 181 Ill. 2d at 501-02. The cases the Primary Care defendants cite are inapposite. None of them stands for the proposition that a DWP order entered with prejudice contrary to statutory authority is a final and appealable order for section 2—1401 purposes. Accordingly, because the statute of limitations as to the minors' cause of action had not expired, the trial court had no authority to enter a DWP order with prejudice. Judge Brady correctly ruled that the order entered by Judge Drew could not be considered final for section 2—1401 purposes.

The Primary Care defendants also argue that the order of June 5, 1997, did not dismiss the case with prejudice for want of prosecution, but instead dismissed it as a sanction under Supreme Court Rule 219(c) (166 Ill. 2d R. 219(c)) due to plaintiffs' failure to comply with

the court's previous order stating that they had 21 days to obtain new counsel. We find this argument both disingenuous and utterly without merit. There is nothing in the record to indicate that the trial court dismissed the cause of action pursuant to Rule 219(c). There was no motion for sanctions in the record. The court's order neither mentions Rule 219(c) nor refers to sanctions. If the court had dismissed the cause with prejudice as a sanction, it would have been required, under Rule 219(c), to specifically set forth in the judgment order or in a separate order its reasons and the basis of any sanction. We find no such reasoning in the record; indeed, there is no reference at all to Rule 219(c). Moreover, to dismiss the case with prejudice for the sole reason that plaintiffs had not obtained new counsel less than two months after their counsel withdrew would have been a drastic and inappropriately harsh sanction. We find it implausible that the trial court would impose such a sanction, especially without making a record of it. It is abundantly clear that the order of June 5, 1997, was a dismissal for want of prosecution that was erroneously entered with prejudice and, subsequently, was properly vacated.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON, P.J., and BYRNE, J., concur.