770 N.E.2d 717 (2002)
331 Ill. App.3d 64
264 Ill.Dec. 412
PROGRESSIVE UNIVERSAL INSURANCE COMPANY, as Subrogee of Corey Anderson, Plaintiff-Appellee,
v.
Jacqueline R. HALLMAN, Defendant-Appellant.
No. 2-01-0300.
Appellate Court of Illinois, Second District.
May 29, 2002.
David C. Bruss, Engelberg & Hillison, Chicago, for Jacqueline R. Hallman. *718 Bruce T. Armstrong, Law Offices of Bruce T. Armstrong, Chartered, Crystal Lake, for Progressive Universal Insurance Co.
Presiding Justice HUTCHINSON delivered the opinion of the court:
The trial court awarded plaintiff, Progressive Universal Insurance Company, a default judgment against defendant, Jacqueline R. Hallman, and denied defendant's motion to strike the judgment. On appeal, defendant argues that the trial court lacked jurisdiction to enter the judgment because it was entered after the court dismissed the cause for want of prosecution and plaintiff did not move to vacate the dismissal until more than 30 days after the dismissal was entered. We affirm.
Plaintiff filed its complaint on May 18, 1999. Plaintiff sought to recover sums it paid to its insured, Corey Anderson, as a result of a February 4, 1998, collision between vehicles driven by Anderson and defendant. The loss involved both personal injury and property damage. Plaintiff attempted to serve defendant on two occasions but was unable to do so because defendant was not found at the addresses listed for her. The docket entry for August 24, 1999, states, "[Plaintiff] fails to appear. [Attorney] Kline[,] J[.] [appears] in [court] for [defendant]. Cause is dismissed for want of prosecution."
On January 20, 2000, plaintiff moved to vacate the dismissal for want of prosecution (DWP). In the motion, plaintiff stated that it believed that it had located defendant and requested leave to issue an alias summons. On February 17, 2000, the trial court granted the motion, and on March 6, 2000, plaintiff served defendant. On the return date, April 4, 2000, defendant failed to appear, and the trial court thereafter entered a default. Defendant did not appear at the May 11, 2000, proveup hearing, and the trial court entered a $14,259.20 judgment against defendant.
On December 27, 2000, defendant moved the trial court to strike the judgment pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2000)). Defendant argued that, because plaintiff's January 20, 2000, motion to vacate the DWP was filed more than 30 days after the trial court's dismissal, it was, in effect, a postjudgment motion under section 2-1401 of the Code. According to defendant, because plaintiff's motion did not allege any grounds for vacating a final judgment pursuant to section 2-1401, the trial court lacked subject matter jurisdiction to reinstate the cause. The trial court denied defendant's motion on February 16, 2001, and defendant timely appeals.
On appeal, defendant renews her contention that the trial court abused its discretion when it denied her motion because it lacked jurisdiction to vacate plaintiff's DWP. Section 2-1401 of the Code outlines a procedure by which a trial court may vacate final orders and judgments more than 30 days after their entry. 735 ILCS 5/2-1401 (West 2000); Blutcher v. EHS Trinity Hospital, 321 Ill.App.3d 131, 135, 254 Ill.Dec. 106, 746 N.E.2d 863 (2001). In the present case, because defendant's motion to strike the default judgment was filed more than 30 days after the judgment, her motion was in effect a section 2-1401 petition. See Northern Illinois Gas Co. v. Midwest Mole, Inc., 199 Ill.App.3d 109, 115, 145 Ill.Dec. 374, 556 N.E.2d 1276 (1990). To be entitled to relief under section 2-1401, a petitioner must set forth allegations supporting (1) the existence of a meritorious claim or defense, (2) due diligence in presenting the claim or defense to the trial court in the original action, and (3) due diligence in filing the section 2-1401 petition. In re Marriage of McGlothlin, 312 Ill.App.3d *719 1145, 1147, 246 Ill.Dec. 53, 729 N.E.2d 53 (2000). We will reverse a ruling on a section 2-1401 petition only if the trial court abused its discretion. McGlothlin, 312 Ill.App.3d at 1147, 246 Ill.Dec. 53, 729 N.E.2d 53.
The basis for defendant's petition was that the trial court lacked jurisdiction to reinstate plaintiff's claim and, therefore, lacked jurisdiction to enter a default judgment. Defendant's jurisdictional challenge lacks merit. Generally, a trial court retains jurisdiction over a cause of action until all issues of fact and law have been finally determined and a final judgment has been entered. Gentile v. Hansen, 131 Ill.App.3d 250, 254, 86 Ill.Dec. 515, 475 N.E.2d 894 (1984). Our supreme court has held that a DWP is not a final and appealable order. Flores v. Dugan, 91 Ill.2d 108, 111-12, 61 Ill.Dec. 783, 435 N.E.2d 480 (1982). Moreover, section 2-1301(e) of the Code provides that "[t]he court may in its discretion, before final order or judgment, set aside any default." 735 ILCS 5/2-1301(e) (West 2000). Finally, section 13-217 of the Code provides that, when an action is dismissed for want of prosecution, the plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217 (West 2000). A DWP becomes final only when the section 13-217 period for refiling expires. S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander, 181 Ill.2d 489, 502, 230 Ill.Dec. 209, 693 N.E.2d 338 (1998). Therefore, a DWP is interlocutory as long as the option to refile is still available to the plaintiff. Sunderland v. Portes, 324 Ill.App.3d 105, 113, 257 Ill.Dec. 625, 753 N.E.2d 1251 (2001).
Defendant claims that the only way plaintiff could have sought to vacate the DWP after September 23, 1999, was to file a section 2-1401 petition. The S.C. Vaughan Oil Co. court stated, however, that a section 2-1401 petition to vacate a DWP theoretically would be inconsistent with the notion that a DWP remains interlocutory during the available period for refiling under section 13-217. S.C. Vaughan Oil Co., 181 Ill.2d at 508, 230 Ill.Dec. 209, 693 N.E.2d 338. Therefore, the trial could not have treated plaintiff's motion to vacate the DWP as a section 2-1401 petition. Defendant relies on Athletic Ass'n of the University of Illinois v. Crawford, 43 Ill.App.2d 52, 55, 192 N.E.2d 556 (1963), which held that a trial court loses jurisdiction to vacate a DWP after 30 days. See also Kollath v. Chicago Title & Trust Co., 62 Ill.2d 8, 10-11, 338 N.E.2d 188 (1975). Kollath and Crawford were decided before Flores and relied on the premise that a DWP is a final order. Kollath, 62 Ill.2d at 10, 338 N.E.2d 188; Crawford, 43 Ill.App.2d at 55, 192 N.E.2d 556. Such a premise is clearly inconsistent with the Flores and S.C. Vaughan Oil Co. cases.
Although plaintiff simply could have refiled its complaint, moving to vacate the DWP was a viable option. Here, plaintiff timely filed a complaint against defendant on May 18, 1999. The trial court dismissed plaintiff's complaint for want of prosecution on August 24, 1999. On January 20, 2000, plaintiff moved the trial court to vacate the DWP, well within the oneyear period for refiling. Therefore, the DWP was an interlocutory order, not yet final and appealable. The trial court retained jurisdiction over plaintiff's cause of action (Gentile, 131 Ill.App.3d at 254, 86 Ill.Dec. 515, 475 N.E.2d 894) and possessed the authority to rule on plaintiff's motion to vacate the DWP (735 ILCS 5/2-1301(e) (West 2000)). We find that the trial court properly treated plaintiff's January 20, 2000, motion as a prejudgment motion to set aside a default.
*720 We note that this type of proceeding is not a unique occurrence. When a cause of action has been dismissed for want of prosecution and more than 30 days have passed since the order was entered, a plaintiff is not precluded from moving the trial court to vacate the DWP, despite the party's decision not to refile, if the cause of action remains viable within the statutory time period for refiling. See, e.g., A.A. Store Fixtures Co. v. Shopiro, 272 Ill. App.3d 959, 209 Ill.Dec. 347, 651 N.E.2d 525 (1995); Gentile, 131 Ill.App.3d 250, 86 Ill.Dec. 515, 475 N.E.2d 894; Knightsbridge Realty Partners, Ltd-75 v. Rudolph, 106 Ill.App.3d 354, 62 Ill.Dec. 251, 435 N.E.2d 1223 (1982). In the present case, because the time for refiling under section 13-217 had not expired, the trial court retained jurisdiction to vacate the DWP and to enter the default judgment. Accordingly, the decision to grant plaintiff's motion rested within the trial court's discretion. See 735 ILCS 5/2-1301(e) (West 2000). We find that defendant's section 2-1401 petition failed to set forth any valid basis for granting relief from the default judgment. Therefore, we hold that the trial court did not abuse its discretion when it denied the petition.
The judgment of the circuit court of Winnebago County is affirmed.
Affirmed.
GROMETER, J., concurs.
Justice GEIGER, dissenting:
I respectfully dissent. In the instant case, I do not believe that the trial court had jurisdiction to grant the plaintiff's motion to vacate the DWP. A court has the inherent authority to review its own judgments. See People v. Watson, 394 Ill. 177, 180, 68 N.E.2d 265 (1946); see also In re Application of the County Collector, 281 Ill.App.3d 467, 478, 217 Ill.Dec. 316, 667 N.E.2d 109 (1996). However, through the passage of time, a court loses its jurisdiction to review its judgments. See Cook v. Wood, 24 Ill. 295, 297 (1860); see also Krotke v. Chicago, Rock Island & Pacific R.R. Co., 26 Ill.App.3d 493, 496, 327 N.E.2d 212 (1974). Specifically, a trial court loses its jurisdiction to vacate an order of dismissal, entered with or without prejudice, after 30 days. Kempa v. Murphy, 260 Ill.App.3d 701, 704, 198 Ill.Dec. 500, 632 N.E.2d 1111 (1994). After 30 days, a plaintiff whose cause is dismissed for want of prosecution may revest the trial court with jurisdiction by refiling his action pursuant to section 13-217 of the Code. See 735 ILCS 5/13-217 (West 2000). The plaintiff has the option to refile the action within one year of the entry of the DWP order or within the remaining period of limitations, whichever is greater. 735 ILCS 5/13-217 (West 2000); see also S.C. Vaughan Oil Co., 181 Ill.2d at 497, 230 Ill.Dec. 209, 693 N.E.2d 338. In the instant case, the plaintiff's motion to vacate the DWP was filed more than 30 days after the dismissal. Accordingly, the trial court was without jurisdiction to grant the motion to vacate, and the plaintiff instead should have refiled his action pursuant to section 13-217 of the Code.
In an attempt to circumvent the refiling requirements of section 13-217, the majority suggests that the trial court possessed the authority to rule on the plaintiff's motion to vacate the DWP pursuant to section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2000)). Section 1301(e) provides that "[t]he court may in its discretion, before final order or judgment, set aside any default." 735 ILCS 5/2-1301(e) (West 2000). In order to reach its conclusion that a trial court may vacate a DWP more than 30 days after its entry under section 2-1301(e), the majority implicitly finds that a dismissal for want of prosecution is equivalent to a default. I believe *721 that this is clearly improper. A default is a judgment entered in the plaintiff's favor and against the defendant rendered upon an omission by the defendant, such as the defendant's failure to appear or plead. See Ballentine's Law Dictionary 322 (3d ed. 1963). In contrast, a DWP is a dismissal of the plaintiff's action rendered upon the plaintiff's failure to appear or prosecute his case. See Ballentine's Law Dictionary 1357 (3d ed. 1963). Thus, it is clear that the majority mischaracterizes a DWP as a default. Therefore, contrary to the majority's holding, section 2-1301(e) did not provide the trial court with the authority to vacate the DWP more than 30 days after its entry.
Finally, I also note that the majority's interpretation of section 2-1301(e) is inconsistent with the general rules of statutory construction. It is well settled that courts should avoid interpretations of a statute that render any portion of it meaningless surplusage. McNamee v. Federated Equipment & Supply Co., 181 Ill.2d 415, 423, 229 Ill.Dec. 946, 692 N.E.2d 1157 (1998). Under the majority's interpretation, a plaintiff could, pursuant to section 2-1301(e), move any time after 30 days to vacate a DWP up until the time that a DWP becomes a final order. Such an interpretation would render section 13-217 of the Code meaningless and superfluous, as there would be no need then for a plaintiff to refile his action under 13-217. As the majority's interpretation renders section 13-217 mere surplusage, I believe that its holding is also wrong on that basis.
For all of the above reasons, I believe the trial court lacked jurisdiction to vacate its DWP. I therefore would reverse the trial court's subsequent judgment for the plaintiff.