FIFTH DIVISION
January 29, 2010

No. 1-08-3042

| | | |
|---|---|---|
| ANTHONY JACKSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| KENDALL HOOKER, | ) | Honorable |
| | ) | Elizabeth M. |
| Defendant-Appellant. | ) | Budzinski, |
| | ) | Judge Presiding. |

JUSTICE HOWSE delivered the opinion of the court:

Plaintiff Anthony Jackson filed a complaint for damages against defendant Kendall Hooker for injuries stemming from defendant's operation of an automobile. The trial court granted plaintiff's motion for default after defendant failed to answer plaintiff's complaint. Following a prove-up hearing, the trial court entered judgment in plaintiff's favor and awarded $700,000 in damages. On appeal, defendant contends the trial court abused its discretion in granting plaintiff's petition for relief from the court's *sua sponte* dismissal of plaintiff's complaint for want of prosecution. Defendant also contends the trial court erred in denying his motion to vacate the default judgment.

For the reasons that follow, we affirm the trial court's order vacating the dismissal for want of prosecution. We reverse

1-08-3042

the court's order denying defendant's motion to vacate the default judgment entered against him and remand for further proceedings consistent with this opinion.

BACKGROUND

On January 11, 2007, plaintiff filed a two-count complaint against defendant, alleging negligence and battery. Plaintiff alleged that on June 29, 2006, defendant and a third party "began an altercation." While plaintiff's arm was inside the rear driver-side window of defendant's vehicle, defendant rolled up the window and trapped plaintiff's arm between the window and the door frame. Plaintiff was outside the vehicle. Defendant then drove away with plaintiff's arm still trapped. When defendant stopped the vehicle, plaintiff's arm was violently pulled out, which caused him to fall from the vehicle and strike his head on the street. Plaintiff alleged he suffered closed-head injuries and extensive injuries to his shoulder as a result of the incident.

On August 1, 2007, defendant was personally served with process. Several prior attempts to serve defendant at his home address had been unsuccessful due to "no contact." Plaintiff notified defendant's insurer, GEICO, of the pending lawsuit on August 7, 2007. On August 27, 2007, GEICO informed plaintiff's counsel that it would not be providing defendant any coverage or

1-08-3042

defense for the lawsuit.

On September 26, 2007, plaintiff filed a motion for default judgment based on defendant's failure to answer the complaint or otherwise plead in accordance with Illinois Supreme Court Rule 18(b) (210 Ill. 2d R. 18(b)). An undated certificate of service attached to the motion for default was served by mail to defendant's address. The trial court granted the motion for default on October 5, 2007. Neither defendant nor his insurer attended the default hearing. A prove-up hearing was scheduled for November 9, 2007.

After neither plaintiff nor his counsel appeared at the November 9 prove-up hearing, the trial court sua sponte dismissed the cause for want of prosecution. On March 12, 2008, plaintiff filed a motion to vacate dismissal for want of prosecution. A certificate of service attached to the motion indicated defendant could not be served with notice because plaintiff did not have defendant's current address. On March 19, 2008, the trial court denied plaintiff's motion to vacate without prejudice with leave to refile the motion under section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)).

On March 27, 2008, plaintiff filed a petition for relief from dismissal for want of prosecution under section 2-1401. The trial court granted the petition for relief and set the matter

1-08-3042

for a prove-up hearing on June 9, 2008.  On April 20, 2008,
defendant was personally served with notice of the prove-up
hearing.  On June 9, 2008, plaintiff appeared at the prove-up
hearing and presented testimony regarding his injuries and
medical bills.  Neither defendant nor his insurer appeared.  The
trial court entered judgment in plaintiff's favor and awarded
$700,000.

On July 9, 2008, defendant filed a motion to vacate the
default judgment entered on June 9, 2008.  On August 7, 2008,
defendant filed a brief in support of his motion to vacate the
prove-up judgment.  The trial court denied defendant's motion on
October 7, 2008.  Defendant appeals.

ANALYSIS

I. Dismissal for Want of Prosecution

Defendant contends the trial court abused its discretion by
granting plaintiff's motion to vacate the dismissal for want of
prosecution (DWP).  Specifically, defendant contends the trial
court erred in granting plaintiff's section 2-1401 petition to
vacate the dismissal because the petition failed to satisfy
section 2-1401's stringent pleading requirements.

Initially, plaintiff counters defendant waived any issues
regarding the sufficiency of plaintiff's section 2-1401 petition,
or the trial court's subsequent reinstatement of the case, by

-4-

1-08-3042

failing to raise the issues during the proceedings below or in the notice of appeal.

The record reflects defendant never sought to challenge the trial court's decision to vacate the DWP during the proceedings below. Nor did defendant raise the issue in his notice of appeal. "It is axiomatic that questions not raised in the trial court are waived and may not be raised for the first time on appeal." Shell Oil Co. v. Department of Revenue, 95 Ill. 2d 541, 550, 449 N.E.2d 65 (1983); McKinnon v. Yellow Cab Co., 31 Ill. App. 3d 316, 318, 333 N.E.2d 659 (1975) ("The remaining arguments of defendants-that the service of plaintiffs' [petition to vacate] was improper; that the petition did not bear plaintiff's signatures; and that the petition did not allege that plaintiffs had a meritorious cause of action-were not raised in the trial court, and therefore are considered waived").

Waiver aside, we find the trial court did not abuse its discretion in vacating the dismissal order. In reaching our conclusion, we note we may affirm the trial court's decision on any ground substantiated by the record, regardless of the trial court's actual reasoning in reaching the decision. City of Chicago v. Holland, 206 Ill. 2d 480, 492, 795 N.E.2d 240 (2003).

Our supreme court has recognized that if a plaintiff's action is dismissed for want of prosecution (DWP), the plaintiff

1-08-3042

has the option, under section 13-217 of the Code of Civil Procedure, to refile the action within one year of the entry of the DWP order or within the remaining period of limitations, whichever is greater.  735 ILCS 5/13-217 (West 2008); S.C. Vaughan Oil Co. v. Caldwell, Trout & Alexander, 181 Ill. 2d 489, 497 (1998).  A DWP becomes a final order only when the section 13-217 period for refiling the action expires.  S.C. Vaughan Oil Co., 181 Ill. 2d at 502; Flores v. Dugan, 91 Ill. 2d 108, 114, 435 N.E.2d 480 (1982); Progressive Universal Insurance Co. v. Hallman, 331 Ill. App. 3d 64, 67, 770 N.E.2d 717 (2002).  Accordingly, a DWP remains an unappealable interlocutory order until plaintiff's option to refile expires.  S.C. Vaughan Oil Co., 181 Ill. 2d at 507; Hallman, 331 Ill. App. 3d at 67, citing Sunderland v. Portes, 324 Ill. App. 3d 105, 113, 753 N.E.2d 1251 (2001).

Section 2-1301(e) of the Code provides "[t]he court may in its discretion, before final order or judgment, set aside any default."  735 ILCS 5/2-1301(e) (West 2008); Illinois Bone & Joint Institute v. Kime, No. 1-08-2739, slip op. at 4 (December 18, 2009).

In light of S.C. Vaughan Oil Co. and Kime, we find plaintiff was not required to file a section 2-1401 petition in order for the trial court to vacate the DWP in this case.  Although

-6-

plaintiff filed his motion to vacate more than 30 days after the trial court entered the DWP, the motion was filed well within the period for refiling an action under section 13-217 of the Code. A DWP only becomes a final order when the section 13-217 period for refiling the action expires. S.C. Vaughan Oil Co., 181 Ill. 2d at 502; Flores, 91 Ill. 2d at 114; Kime, slip op. at 13.

Because the DWP was still interlocutory--not final--in nature until the refiling period expired, section 2-1401 was inapplicable when plaintiff filed his motion to vacate and could not form the basis for vacating the DWP here. See S.C. Vaughan Oil Co., 181 Ill. 2d at 508; Kime, slip op. at 4. However, the trial court retained jurisdiction over plaintiff's cause of action and had the authority to vacate the dismissal under section 2-1301(e) of the Code. See Hallman, 331 Ill. App. 3d at 68, citing 735 ILCS 5/2-1301(e) (West 2000) ("because the time for refiling under section 13-217 had not expired, the trial court retained jurisdiction to vacate the DWP and to enter the default judgment. Accordingly, the decision to grant plaintiff's motion rested within the trial court's discretion").

We find the trial court did not abuse its discretion in vacating the DWP in this case.

## II. Default Judgment

Defendant contends the trial court erred in denying his

motion to vacate the default judgment.  Specifically, defendant contends the trial court erred in determining his motion to vacate was governed by section 2-1401 of the Code.

The question at issue here requires us to determine when the default judgment was actually entered in this case.

The trial court initially granted plaintiff's motion for default on October 5, 2007.  A prove-up hearing was scheduled for November 9, 2007.  After neither plaintiff nor his counsel appeared at the November 9 prove-up hearing, the trial court <u>sua sponte</u> dismissed the cause for want of prosecution.  When the dismissal for want of prosecution was vacated by the trial court, a new prove-up hearing was scheduled for June 9, 2008. Following the June 9 prove-up hearing, the trial court entered judgment in plaintiff's favor and awarded $700,000 in damages.

On July 9, 2008, defendant filed a motion to vacate the prove-up judgment, pursuant to section 2-1301(e) of the Code. Defendant filed a brief in support of his motion to vacate on August 7, 2008.  In determining defendant's motion to vacate should be evaluated under section 2-1401, not section 2-1301(e), the court noted that even if it did vacate the prove-up judgment, "the [October 5, 2007,] default judgment would still stand and you would just have a new prove-up hearing.  So that doesn't give you the relief that you're seeking."  Because defendant had not

1-08-3042

filed a motion to vacate the default order under section 2-1301(e) within 30 days of its entry on October 5, 2007, the trial court determined defendant's motion to vacate the default should be considered under section 2-1401. The court then denied the motion, finding defendant had not met the section 2-1401 standard for vacating a default judgment.

In support of his contention that section 2-1401 was the appropriate standard, plaintiff relies on this court's decision in Gruss v. Beverley, 201 Ill. App. 3d 502, 559 N.E.2d 135 (1990). In Gruss, the trial court entered an order of default against the defendants on October 26, 1988. A prove-up hearing was set for November 18, 1988. After neither defendants nor their counsel appeared at the prove-up, the trial court entered judgment in the plaintiff's favor. On November 23 the defendants filed a motion to vacate the October 26 order of default. On December 27 the defendants filed an amended motion to vacate the November 18 default judgment. After the plaintiff argued the December 27 amended motion to vacate was brought more than 30 days after the November 18 default judgment, the trial court said it would treat the amended motion to vacate as a section 2-1401 petition. Gruss, 201 Ill. App. 3d at 504.

In finding the trial court did not abuse its discretion in treating the amended December 27 motion as a section 2-1401

petition, this court noted no explanation was offered for the time lapse between the entry of the judgment on November 18 and the filing of the amended motion to vacate default and judgment on December 27. Gruss, 201 Ill. App. 3d at 507. The court noted that although the defendant clearly knew about the entry of the November 18 judgment, the amended motion to vacate the judgment was not filed within 30 days of its entry. Gruss, 201 Ill. App. 3d at 507. The court held that "[i]f defendants' motion had been filed by December 18, the provisions of section 2-1301 would have permitted the court to vacate the judgment on such terms and conditions as it elected to impose." Gruss, 201 Ill. App. 3d at 507. Because defendants' motion was filed 10 days after the expiration of the 30-day period, however, it was properly considered under section 2-1401. Gruss, 201 Ill. App. 3d at 507.

More recently, this court has recognized an order of default is not a final judgment because it does not dispose of the case and determine the rights of the parties. Fidelity National Title Insurance Co. of New York v. Westhaven Properties Partnership, 386 Ill. App. 3d 201, 211, 898 N.E.2d 1051 (2007). Instead, "an order of default is simply an interlocutory order that precludes the defaulting party from making any additional defenses to liability but in itself determines no rights or remedies." Fidelity National Title Insurance, 386 Ill. App. 3d at 211.

Supreme Court Rule 304(a) provides "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *** is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."  210 Ill. 2d R. 304(a).

The default judgment is the specific act that terminates the litigation and decides the dispute.  Wilson v. Teloptic Cable Construction Co., 314 Ill. App. 3d 107, 111, 731 N.E.2d 899 (2000).  "It is final if it grants the plaintiff relief and either resolves the case entirely or is final as to one party or cause of action and is certified in accord with the requirements of Supreme Court Rule 304(a)."  Wilson, 314 Ill. App. 3d at 111-12.  A default judgment is comprised of two factors: "(1) a finding of the issues for the plaintiff; and (2) an assessment of damages."  Wilson, 314 Ill. App. 3d at 112.  "Section 2-1301(e) is available to seek relief from any nonfinal order of default or from a final default judgment within 30 days of its entry." (Emphasis in original).  Stotlar Drug Co. v. Marlow, 239 Ill. App. 3d 726, 728, 607 N.E.2d 346  (1993).

Applying the above factors to the present case, it is clear the October 5, 2007, order granting plaintiff's motion for default constituted only an interlocutory order of default, not a

1-08-3042

final default judgment for the purposes of section 2-1301(e) of the Code. The final and appealable default judgment in this case was entered following the prove-up hearing on June 9, 2008, when the trial court found in plaintiff's favor and awarded $700,000 in damages. See Wilson, 314 Ill. App. 3d at 112.

Defendant had the right to seek relief under section 2-1301(e) from any nonfinal order of default entered in the case or from a final default judgment within 30 days of its entry. See Stotlar, 239 Ill. App. 3d at 729. Nothing in section 2-1301(e) suggests defendant was required to file two motions in order for the trial court to properly vacate the order of default and default judgment. Therefore, a section 2-1301(e) motion to vacate the default should have been considered timely up to 30 days after the final default judgment was entered on June 9, 2008. See 735 ILCS 5/2-1301(e) (West 2008); Washington Mutual Bank, F.A. v. Archer Bank, 385 Ill. App. 3d 427, 432, 895 N.E.2d 677 (2008).

Defendant filed his request to vacate the default judgment entered in this case on July 9, 2008, within the 30-day window following entry of the final judgment. Accordingly, we find the trial court erred in determining defendant's motion to vacate should be evaluated under section 2-1401, not section 2-1301(e). See 735 ILCS 5/2-1301(e) (West 2008); Stotlar, 239 Ill. App. 3d

-12-

1-08-3042

at 729.

Because the trial court did not evaluate defendant's motion to vacate under the standards for a section 2-1301(e) motion, we find it necessary to remand the matter for reconsideration under those standards.  See <u>Washington Mutual Bank, F.A.</u>, 385 Ill. App. 3d at 432.

CONCLUSION

We affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

TOOMIN, P.J., and SMITH, J., concur.