2020 IL App (1st) 192314-U

No. 1-19-2314

Order filed June 18, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CAPITAL ONE BANK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 122691 |
| | ) | |
| ZAID OUYOUN, | ) | Honorable |
| | ) | Jeffery G. Chrones, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Gordon and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's entry of default judgment where defendant failed to provide a sufficiently complete record on appeal and submit a brief that complied with Rule 341(h)(7).

¶ 2    Defendant Zaid Ouyoun appeals *pro se* from an October 8, 2019, trial court order entering default judgment in favor of plaintiff Capital One Bank. On appeal, defendant argues the trial court erred in entering default judgment and requests that we vacate the default judgment pursuant to

section 2-1301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301 (West 2018)). We affirm.

¶ 3    The record on appeal does not contain reports of proceedings necessary to this appeal. We have gleaned the following from the limited information in the 47-page common law record before us.

¶ 4    On July 25, 2019, plaintiff initiated a breach of contract lawsuit against defendant. Plaintiff's complaint alleged that defendant failed to make payments on a "charge account and/or line of credit" and owed plaintiff $9,225.58. Plaintiff requested relief in the amount of $9,225.58 plus court costs. Plaintiff attached to the complaint a copy of defendant's last periodic statement showing the total amount defendant owed.

¶ 5    Plaintiff served defendant with a summons. The first page of the summons states defendant was served via "sheriff service" and lists the "appearance filing/return date" as "Return Date: 9/3/2019." The top of the summons states: "Return Date: 9/3/2019" and "Hearing Date: No hearing scheduled."

¶ 6    In relevant part, the body of the summons reads: "To each Defendant: YOU ARE SUMMONED and required: 1. To file your written appearance by yourself or your attorney and pay the required fee in:" with a box checked for "Richard J. Daley Center; 50 West Washington, Room 602; Chicago IL 60602 * * * on _____, between the hours of 8:30 a.m. and 2:30 p.m." The area designated for the date was blank. At the bottom of the summons, in bold font, it reads: "IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS ATTACHED HERETO."

¶ 7 On the third page of the summons, a "NOTICE TO DEFENDANT" reads, in pertinent part, "On the specified Return Day, one of the following may occur: *** (ii) If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed."

¶ 8 The affidavit of service shows defendant was served by the Sheriff's Office of Cook County on August 31, 2019, via "personal service: by leaving a copy of the writ/order with the defendant/respondent personally, and informing defendant/respondent of contents."[1]

¶ 9 The docket list in the record shows that, on September 3, 2019, the court set the case "on default call" for September 17, 2019. It also showed an entry for September 10, 2019, reading "Capital One Bank *** Answer/Response/Reply." There is no answer contained in the record.

¶ 10 A September 17, 2019, order shows that plaintiff and plaintiff's counsel were present before the court. The court set the case for "status" and ordered the parties to appear on October 8, 2019, at 9:30 a.m. in room 1106.

¶ 11 An October 8, 2019, order shows plaintiff's counsel was present before the court. The court ordered "X-Parte Default Judgment for Plaintiff for $9,225.58" "with costs assessed" against defendant.[2] That same day, defendant was sent a postcard at the address at which he was served notifying him "an order of default was entered on 10/08/2019." By leave of this court, defendant filed a late notice of appeal on November 21, 2019.

---

[1] The address on the summons and affidavit of service is the same address defendant provided in his notice of appeal and brief on appeal.

[2] Both defendant and "Baba Pita" are listed as defendants on this court order. Baba Pita does not appear on the complaint or previous court orders.

¶ 12 On appeal, defendant contends that the "trial court" erred by serving defendant a summons without specifying a court date. He alleges the summons indicated only a "return date of 09-03-2019," which he "answered and filed on September 10, 2019." Defendant additionally alleges that he did not receive notice of either the October 8, 2019, status date or the "motion of default judgment." He also alleges he did not receive notice of the default judgment until November 1, 2019. He disputes the charges on his credit card account and requests that the default judgment be vacated pursuant to section 2-1301 of the Code so that the case may be heard on its merits.

¶ 13 Plaintiff responds that the court properly entered default judgment against defendant because the summons apprised him of the September 3, 2019, return date, court location, and consequences of failing to appear and, as defendant admits in his brief, he was informed of the return date. Further, plaintiff argues that defendant's filings demonstrate that he could comprehend the summons, and he was not entitled to notice of subsequent court dates based on his failure to file an appearance.

¶ 14 We initially address defendant's request that this court vacate the trial court's October 8, 2019, entry of default judgment pursuant to section 2-1301 of the Code. Section 2-1301(e) sets forth the terms under which the trial court may exercise its discretion to set aside any default, and the terms under which it may entertain a motion requesting that it do so:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2018).

¶ 15    In this case, defendant failed to file in the trial court a motion to vacate default judgment pursuant to section 2-1301(e). Instead he filed the instant appeal. It is well established that questions not raised in the trial court are waived and may not be raised for the first time on appeal. See *Jackson v. Hooker*, 397 Ill. App. 3d 614, 617 (2010) (citing *Shell Oil Co. v. Department of Revenue,* 95 Ill. 2d 541, 550 (1983)). Further, a section 2-1301 motion to vacate a default judgment should be brought in the trial court and is not a basis for vacating a default judgment on appeal. 735 ILCS 5/2-1301(e) (West 2018).

¶ 16    Waiver aside, in Illinois it is axiomatic that "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts that arise from the incompleteness of the record shall be resolved against the appellant. *Id.*

¶ 17    Here, the record does not contain reports of the trial court proceedings, specifically, the September 3, 2019, September 17, 2019, and October 8, 2019, proceedings where the court set the case on the default call, continued the case for status, and entered an ex-parte default judgment in favor of plaintiff. Pursuant to Supreme Court Rule 323 (eff. July 1, 2017), in lieu of a trial court transcript, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)). Defendant has not filed either to aid in our review of his contentions. The record before us consists solely of one volume of common law documents.

¶ 18    Based on the court's docket sheet and the September 17, 2019, and October 8, 2019, orders, we know it held hearings—at which defendant did not appear—and entered default judgment in

favor of plaintiff, awarding it the monetary relief it requested. However, because we are without the benefit of the transcripts, we cannot ascertain what evidence or arguments were presented to the court. We similarly do not know what findings the court made or the reasoning that formed the basis of the trial court's judgment. Moreover, although defendant alleges that he filed an answer, it is not contained in the record on appeal. Given these circumstances, this court must presume that the trial court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92. On this basis, we affirm the trial court's entry of default judgment.

¶ 19    We additionally point out that defendant's brief does not comply with Rule 341(h)(7) (eff. May 25, 2018), which requires him to submit an argument that "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." The appellate court "is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate or seek error in the record." *U.S. Bank v. Lindsey,* 397 Ill. App. 3d 437, 459 (2009) (quoting *Obert v. Saville,* 253 Ill. App. 3d 677, 682 (1993)).

¶ 20    In this case, although defendant cites to section 2-1301 of the Code and various supreme court rules, he fails to present any cogent legal argument to support his apparent contention that, despite being personally served with a summons which set forth the return date, and notified him several times that he had to file an appearance by a return date, and failure to do so could result in default, he was somehow excused from complying with the summons. This deficiency warrants forfeiture. *Id.*; see also *CE Design, Ltd. v. Speedway Crane, LLC*, 2015 IL App (1st) 132572, ¶ 18.

His contention that the default judgment should be vacated because he received no notice and the case was set for a hearing, is similarly unsupported by legal authority and therefore forfeited. See also Ill. S. Ct. R. 104(b) (eff. Jan. 1, 2018) (where a party has not filed an appearance, the party is not entitled to notice); see, *e.g., Smith v. Airoom,* 114 Ill. 2d 209, 226 (1986) (noting the plaintiff was not required to notify defendant of a motion where defendant failed to file an appearance). Furthermore, defendant fails to show any meritorious defense to plaintiff's complaint. Accordingly, even if the record were sufficient to review the trial court's judgment, defendant's contentions would be forfeited.

¶ 21    The judgment of the circuit court of Cook County is affirmed.

¶ 22    Affirmed.