WILLIAM PEACOCK ET AL.

V.

IRA H. CHURCHILL ET AL.

*Will's—Bill to Test Validity of—Enabling Statute—Statute Affecting Act of Limitations Does Not Apply to.*

Sec. 7, Chap. 148, R. S., providing for the exhibiting of a bill in chancery to test the validity of a will within three years after probate of the will, is not a statute of limitations but an enabling statute, without which no such bill could be filed. Therefore, Sec. 25, Chap. 83, R. S., concerning general limitations, providing that where a plaintiff has been non-suited (and in certain other contingencies), and if the time for bringing his action has expired during the pendency of his suit, then he shall have one year from the time of such non-suit, etc., in which to commence an action, does not apply to actions commenced to test the validity of a will.

[Opinion filed December 8, 1890.]

In error to the Circuit Court of McHenry County; the Hon. Isaac G. Wilson, Judge, presiding.

Messrs. Joslyn & Casey, for plaintiffs in error.

Messrs. Frank Spitzer and C. H. Donnelly, for defendants in error.

Lacey, J. This was a bill in equity filed by the plaintiffs in error, Wm. Peacock, Joseph Peacock, Aaron Peacock, and Daniel Peacock, nephews of one Joseph Peacock, deceased, against the defendants in error, to test the validity of the will of the said Joseph Peacock, deceased, on account of mental incapacity of the deceased. The respondents, Ira H. Churchill and Nancy Peacock, wife of the testator, were the beneficiaries under the will and Charles Mead was one of the executors named in the will, and Churchill the other.

According to the allegations of the bill, the instrument in writing purporting to be the last will and testament of the said decedent was probated in the County Court April 3, 1884, and letters testamentary granted to said Churchill and Mead on that date, and the bill further alleges that they assumed the executorship of the estate.

The bill was filed December 2, 1887. To the bill a demurrer was interposed on the grounds that the said bill was not exhibited in the time required by law, and complainants took leave to, and did amend the bill, setting up as an excuse that the plaintiffs in error had previously filed a similar bill in the Circuit Court setting up the same cause of action, to wit,

September 8, 1884, which bill was pending in the said Circuit Court May 24, 1887, on which last day it was dismissed on motion of the respondent, for the non-compliance of complainants with a rule laid on them by the court requiring them to file security for costs, which complainants were unable to comply with.    To the amended bill the defendants also filed their demurrer, setting up among other things for cause thereof that the bill showed on its face that the statute of limitations had run against said complainants before the filing of said bill so that in law the same would not lie.    The court sustained the demurrer and dismissed the bill at the complainants' costs.    To reverse said decree this writ of error is sued out of this court.

The only question for our consideration is, was there ground for sustaining the demurrer?    The plaintiffs in error insist that they have a right under Sec. 25, Chap. 83, R. S., concerning general limitations, to file the bill even after the expiration of the three years in which bills of this nature are by statute required to be filed.    This statute reads as follows :  " In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff and the same be reversed by a writ of error or upon appeal, or if a verdict pass for the plaintiff and upon matters alleged in arrest of judgment, the judgment be given against the plaintiff, or if the plaintiff be non-suited, then if the time limited for bringing such action shall have expired during the pendency of such suit, the plaintiff, his heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff."

It is insisted that this is a mere limitation act, under which this bill is filed, and that the general act applies to it; that the dismissal was an involuntary non-suit as far as complainants were concerned, and that being such, they have a right to file this bill within one year from the date of such dismissal.    To show that this was an involuntary non-suit the following case is cited : Holmes v. C. & A. R. R. Co., 94 Ill. 439.    We can not hold with the plaintiffs in error on this point.    The mistake is made

in supposing the statute under which this bill is filed is a statute of limitation. It reads as follows : " When any bill, testament or codicil shall be exhibited in the County Court for probate thereof as aforesaid, it shall be the duty of the court to receive probate of the same without delay, and to grant letters testamentary thereon to the person or persons entitled, and to do all other needful acts to enable the parties concerned to make settlement of the estate at as early a day as shall be consistent with the rights of the respective persons interested therein. Provided, however, that if any person shall, within three years after the probate of such will, testament or codicil, in the County Court as aforesaid, appear, and by his or her bill in chancery contest the validity of the same, an issue of law shall be made up, whether the writing produced be the will of the testator or testatrix or not," etc. R. S., Chap. 148, Sec. 7.

In Luther v. Luther, 122 Ill. 558, the Supreme Court hold that the above act is not a statute of limitations, and can not be so regarded, and hold this language : " Therefore as the jurisdiction of courts of chancery in this State to entertain bills to set aside the probate of wills is derived exclusively from the statute, such jurisdiction can only be exercised in the mode and under the limitations prescribed by the statute. ' If any person interested shall within three years after probate, etc., appear and by  *  *  *  bill in chancery contest the validity of the will, an issue of law shall be made up,' etc. If such person does not appear within the three years, an issue of law can not be made up. The appearance within three years is a jurisdictional fact and is necessary in order to put the machinery of the court in motion so as to test the validity of the will. The court has no power to entertain the bill after the three years have passed."

It will be seen, then, that the act allowing bills to be exhibited to contest the validity of wills is in no sense an act of limitations —hence the statute can not be governed by any provisions of the general limitation law, or in fact by any limitation law. It is a jurisdictional statute and grants only a limited time in which such bills shall be exhibited. It is in fact an enabling

statute without which no bill could be filed to test the validity
of a will.  If the Legislature had designed any exceptions like
the one here contended for, it certainly would have so framed
the statute as to provide for them, or have passed some other
remedial statute.  We must therefore conclude that the plaint-
iffs in error had no cause of action under the statute, their
rights, if any, having been lost by failing to take advantage of
the statute or to pursue its provisions.

   The court below held correctly in sustaining the demurrer
to the bill and dismissing it.  The decree is therefore affirmed.

*Decree affirmed.*