# Illinois Official Reports

## Appellate Court

---

***Federal National Mortgage Ass'n v. Tomei*, 2014 IL App (2d) 130652**

---

| | |
|---|---|
| Appellate Court Caption | FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee, v. MYRIAM P. TOMEI, Defendant-Appellant (Mortgage Electronic Registration Systems, Inc., as Nominee for Pinnacle Financial Corporation, d/b/a Great Lakes Home Mortgage, and Unknown Owners and Nonrecord Claimants, Defendants). |
| District & No. | Second District<br>Docket No. 2-13-0652 |
| Filed | April 25, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's appeal from the trial court's grant of plaintiff's motion to vacate the dismissal of its mortgage foreclosure action for want of prosecution was dismissed for lack of jurisdiction, since plaintiff alleged that the motion was filed under section 2-1401 of the Code of Civil Procedure, but the motion was effectively brought under section 2-1301(e) of the Code, and the appellate court lacked jurisdiction pursuant to Supreme Court Rule 304(b)(3); furthermore, jurisdiction was lacking pursuant to Rule 301 due to the fact that the dismissal order was not final and appealable. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 11-CH-4698; the Hon. Margaret A. Marcouiller, Judge, presiding. |
| Judgment | Appeal dismissed. |

| Counsel on Appeal | Robert J. Tomei, Jr., of Tomei Law, of Gurnee, for appellant. |
| | |
| | Rebecca M. Reyes, of Johnson, Blumberg & Associates, LLC, of Chicago, for appellee. |

| Panel | PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Justices McLaren and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    This residential mortgage foreclosure action was brought by plaintiff, Federal National Mortgage Association, against defendants, Myriam P. Tomei, Mortgage Electronic Registration Systems, Inc., as nominee for Pinnacle Financial Corp., d/b/a Great Lakes Home Mortgage, and unknown owners and nonrecord claimants. Tomei (defendant) appeals the trial court's judgment granting plaintiff's "motion," which plaintiff alleged was pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)), to vacate the dismissal of the case for want of prosecution (DWP). Defendant argues on appeal that the section 2-1401 motion was insufficient as a matter of law because plaintiff did not support it by affidavit or overcome the due diligence requirement. Plaintiff responds that we lack jurisdiction to address the appeal, because the section 2-1401 motion was effectively a motion pursuant to section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2012)) and the order granting the section 2-1301(e) motion was not a final and appealable order. We dismiss the appeal for the following reasons.

¶ 2                               I. BACKGROUND

¶ 3    Plaintiff filed the foreclosure action on October 19, 2011, alleging that defendant had not paid the monthly installments of principal, interest, taxes, and/or insurance since March 2011. On November 9, 2012, the matter was set for a status hearing and, when plaintiff failed to appear, the trial court entered an order of DWP. Also, on the same date, defendant filed for debt relief under chapter 7 of the United States Bankruptcy Code. She received a chapter 7 discharge order on February 20, 2013.

¶ 4    On April 19, 2013, after the bankruptcy stay was lifted, plaintiff filed a "Motion to Vacate Dismissal for Want of Prosecution." In the motion, plaintiff cited a "docketing error" as a basis for its absence at the November 9, 2012, status call. Plaintiff requested that the court, pursuant to section 2-1401(a) of the Code, enter an order vacating the DWP. Plaintiff did not attach to the motion an accompanying affidavit attesting to the veracity of matters not of record.

¶ 5    Defendant filed a motion to dismiss plaintiff's motion, pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)). Defendant did not contest the timing of the filing of the

section 2-1401 motion. Rather, defendant argued that the section 2-1401 motion was defective.[1] Defendant noted facial defects of the pleadings and the failure to attach an accompanying affidavit attesting to matters not of record, and defendant cited Illinois case law directly holding that section 2-1401 may not be used to relieve a party of the consequences of its own negligence.

¶ 6     After entertaining argument, the trial court granted plaintiff's motion to vacate on May 24, 2013. The order does not state whether the court vacated the DWP pursuant to section 2-1401. It simply states that the DWP is vacated "for the reasons set forth in open court, including consideration of the bankruptcy and all other circumstances in the case." Transcripts of this hearing are not part of the record on appeal. On June 21, 2013, defendant filed a notice of appeal pursuant to Illinois Supreme Court Rule 304(b)(3) (eff. Feb. 26, 2010), seeking to reverse the May 24 order.

¶ 7                                    II. ANALYSIS

¶ 8     A DWP is usually an interlocutory order for the year after the court enters it. Under section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)),[2] after a DWP, a plaintiff generally has one year in which to refile its complaint, even when the statute of limitations has otherwise run. Under the rule set out by the supreme court in *Flores v. Dugan*, 91 Ill. 2d 108 (1982), and clarified in *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489 (1998), a DWP is not final and appealable while section 13-217 permits refiling. A DWP becomes a final order only when the section 13-217 period for refiling expires. *S.C. Vaughan*, 181 Ill. 2d at 502. Thus, a DWP remains an unappealable interlocutory order until the plaintiff's option to refile expires. *S.C. Vaughan*, 181 Ill. 2d at 507.

¶ 9     A nonfinal DWP–by virtue of its nonfinal status–is subject to vacatur under section 2-1301(e) of the Code. Section 2-1301(e) of the Code provides that "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2012). Hence, a section 2-1301(e) motion could have been filed anytime between the DWP and 395 days thereafter.

¶ 10    On the other hand, section 2-1401 of the Code outlines a procedure by which the trial court may vacate a *final* judgment more than 30 days following their entry, if the petition to vacate is filed within 2 years after entry of the judgment. 735 ILCS 5/2-1401 (West 2012). To be entitled to relief under section 2-1401, a petitioner must set forth allegations supporting: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting the claim or defense to the circuit court in the original action; and (3) due diligence in filing the section

---

[1]A section 2-619 motion usually concedes the validity of the cause of action pleaded but asserts affirmative matters that act to defeat the claim. *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 463 (2010).

[2]The current version of section 13-217 does not provide for refiling after a DWP. However, the supreme court, in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), held that the amendments that removed the provisions for refiling after a DWP were unconstitutional as not severable from other unconstitutional provisions of the Civil Justice Reform Amendments of 1995 (Pub. Act 89-7, § 15 (eff. Mar. 9, 1995)). Thus, the unamended version is the effective version.

2-1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). Illinois Supreme Court Rule 304(b)(3) (eff. Feb. 26, 2010) provides that a "judgment or order granting or denying any of the relief prayed in a petition under section 2-1401" is appealable.

¶ 11    The supreme court in *In re Haley D.*, 2011 IL 110886, ¶ 67, emphasized that the character of a filing should be determined from its content, not its label. Thus, "when analyzing a party's request for relief, courts should look to what the pleading contains, not what it is called." *Id.* In particular, the supreme court found that, "where it is apparent, as a matter of law, that a motion should have been considered under section 2-1301(e) rather than section 2-1401(a), insistence by this court on evaluating the lower court's judgments in terms of the standards governing section 2-1401(a) petitions would only 'sow confusion' in an area of the law where practitioners and trial courts are already confused enough." *Id.*

¶ 12    While it is true that plaintiff's request for relief states that it is brought under section 2-1401, rather than section 2-1301(e), in substance plaintiff's motion to vacate effectively is a motion under section 2-1301(e). As defendant points out, the motion itself, while citing section 2-1401, does not set forth a meritorious defense and is not supported by affidavit, as required by section 2-1401. The motion simply requests that the DWP be vacated because plaintiff failed to appear due to a "docketing error." In the order granting the vacatur, the trial court did not cite to the standards governing a section 2-1401 petition; *i.e.*, whether there existed a meritorious claim or defense, due diligence in presenting the claim or defense in the original action, and due diligence in filing the section 2-1401 petition. Rather, the trial court's order cites its consideration of the bankruptcy proceedings and all the other circumstances of the case. When a court is presented with a request to set aside a DWP under section 2-1301(e), the overriding consideration is whether substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. *Id.* ¶ 69. The requesting party need not necessarily show a meritorious claim or defense and a reasonable excuse for failing to timely assert it. *Id.* ¶ 57. "What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome." *Widucus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d 102, 109 (1960). Given the standards governing section 2-1301(e) motions, it is evident in this case that the trial court evaluated the motion as a section 2-1301(e) motion, not a section 2-1401 petition.

¶ 13    Furthermore, although filed more than 30 days after the trial court entered the DWP, plaintiff's motion was filed well within the period for refiling an action under section 13-217 of the Code. Because the DWP was still interlocutory until the refiling period expired, section 2-1401 was inapplicable when plaintiff filed its motion and could not form the basis for vacating the DWP.

¶ 14    In *Jackson v. Hooker*, 397 Ill. App. 3d 614, 619 (2010), the defendant did not object to the use of a section 2-1401 petition; the defendant objected because the petition failed to satisfy section 2-1401's stringent pleading requirements. *Id.* at 617. The First District Appellate Court held that, where the plaintiff attacked an interlocutory DWP through a section 2-1401 petition, the availability of relief under section 2-1301(e) made it proper for the trial court to vacate the DWP. *Id.* at 618-19. Fairness requires the same result here, where the availability of relief under section 2-1301(e) made it suitable for the trial court to vacate the DWP, since defendant, like the defendant in *Jackson*, did not object to the use of a section 2-1401 petition. If a defendant makes a prompt objection that a section 2-1401 petition is improper, a plaintiff can

- 4 -

easily respond by filing a section 2-1301(e) motion in the underlying case. If the issue arises late, as on appeal, the time for a motion likely will have passed, as it now has here.

¶ 15 Defendant filed a notice of appeal pursuant to Rule 304(b)(3), which confers appellate jurisdiction from a judgment or order granting or denying any of the relief prayed in a section 2-1401 petition. Plaintiff effectively filed a motion under section 2-1301(e). Because the court's grant of the motion produced an interlocutory order, not a final one, an appeal was improper. See, *e.g.*, *Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 882 (2009) (appeal from grant of section 2-1301(e) motion had to be dismissed because appealed order was interlocutory). Accordingly, we have no jurisdiction to review that decision under Rule 304(b)(3).

¶ 16 We note that plaintiff cites to a September 24, 2013, order, entered during the pendency of this appeal, in which the trial court stated that the vacatur of the DWP was pursuant to section 2-1301(e), not section 2-1401. Although such a statement would be consistent with our analysis, the September 24 order is not properly before our court. The record does not establish when or if this was filed, and plaintiff never sought to supplement the record with the order. Facts that have no basis in the record will not be considered on appeal. *Eyman v. McDonough District Hospital*, 245 Ill. App. 3d 394, 397 (1993). Regardless, an order entered while the case is pending on appeal has no bearing on whether we maintain jurisdiction.

¶ 17                                III. CONCLUSION

¶ 18 In sum, we do not have jurisdiction under Rule 304(b)(3) because the motion to vacate effectively was brought under section 2-1301(e), and we do not have jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) because the order granting the motion was not a final and appealable order. Accordingly, we dismiss the appeal for lack of jurisdiction.

¶ 19 Appeal dismissed.