# Illinois Official Reports

## Appellate Court

---

*In re Estate of Young*, 2020 IL App (2d) 190392

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF MARY YOUNG (A. Steven Young, Plaintiff-Appellant, v. Anita Suzanne Wieland and Alexander Stuard Young III, Defendants-Appellees). |
| District & No. | Second District<br>No. 2-19-0392 |
| Filed | March 23, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, Nos. 15-P-110, 16-L-163; the Hon. John A. Noverini, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Philip J. Piscopo, of Law Offices of Cooper, Storm & Piscopo, of Geneva, for appellant.<br><br>Kevin L. Nelson, of Myers, Earl & Nelson, P.C., of Geneva, for appellees. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Justices McLaren and Hutchinson concurred in the judgment and opinion. |

**OPINION**

¶ 1     Following the death of his mother, Mary A. Young, plaintiff A. Steven Young[1] filed a will contest (case No. 15-P-110) and a separate multicount complaint (case No. 16-L-163) against defendants, Suzanne Wieland and Alexander Stuard Young III. The trial court dismissed both cases for want of prosecution (DWP) and subsequently denied plaintiff's motion to vacate the will contest (735 ILCS 5/2-1301(e) (West 2018)). Plaintiff appeals, arguing that the trial court abused its discretion in dismissing both cases, denying his motion to vacate, and denying his motion to continue. We dismiss the appeal for lack of jurisdiction.

¶ 2                                    I. BACKGROUND

¶ 3     On March 30, 2014, Mary died, leaving four surviving children: Stuard (a Pennsylvania resident), Suzanne (an Illinois resident), plaintiff (a Texas resident), and A. Stanley Young (a California resident). Mary executed a new will six weeks prior to her death, leaving her entire estate to Suzanne. After Mary's will was admitted to probate on February 27, 2015, plaintiff, initially *pro se*, in case No. 15-P-110, filed a will contest (on August 24, 2015) under section 8-1 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/8-1(a) (West 2018) (prescribing six-month limit to file a will contest, after admission of a will to probate)). Further, in case No. 16-L-163, plaintiff, also initially *pro se*, filed on March 28, 2016, a six-count complaint,[2] alleging that Suzanne breached her fiduciary duty to Mary and converted Mary's property, asserting claims of undue influence arising out of a special relationship and tortious interference with inheritance expectancy, and including a punitive-damages count.[3] On March 2, 2015, Suzanne was appointed executor of Mary's estate.

¶ 4     On August 25, 2016, the trial court, in the law division case (No. 16-L-163), ordered that plaintiff could not appear telephonically (via Court Call[4] or a comparable service), thereby requiring in-person appearances by plaintiff (if *pro se*) or his counsel. On September 29, 2016, the cases were consolidated and transferred to the probate court, and counsel filed an appearance on plaintiff's behalf.

¶ 5     On November 6, 2018, counsel was granted leave to withdraw his appearance for plaintiff, and the case was continued to November 28, 2018. On November 26, 2018, plaintiff, *pro se*,

---

[1]In the trial court, A. Stanley Young, plaintiff's brother, joined plaintiff in some of the relevant filings. Because Stanley is not a party to this appeal, we refer only to plaintiff when relating the trial court proceedings.

[2]The complaint is sometimes also referred to in the record as a five-count complaint, because the final count sought punitive damages. For simplicity, we refer to it as the six-count complaint or simply as the complaint.

[3]Plaintiff had initially filed, *pro se*, a will contest, which also contained various tort and fiduciary claims, that was assigned case No. 14-P-696. The trial court dismissed this case on May 13, 2016, because it was filed before Mary's will was admitted to probate.

[4]"Court Call" is used throughout the common-law record. We take judicial notice that "CourtCall" is the official name of this remote-appearance-platform service. See *What Is CourtCall*, CourtCall, https://courtcall.com/what-is-courtcall/appear-in-court-by-phone/ (last visited Feb. 21, 2020) [https://perma.cc/7E9P-EGU3].

attempted to file a motion to enlarge/continue, seeking additional time to find new counsel, but the filing was rejected because it was not electronically filed.

¶ 6    At the November 28, 2018, status hearing, the trial court entered an order (which noted that plaintiff was absent) on various matters. As relevant here, the court set the complaint for a hearing on January 16, 2019, and ordered that plaintiff "must appear."

¶ 7    On January 9, 2019, plaintiff, *pro se*, filed a motion to continue or extend time, asserting that, because he had not received his documents from his former counsel until December 3, 2018, he needed additional time to procure counsel, who would need time to ascertain the status of the litigation.

¶ 8    On January 14, 2019, Suzanne filed a trial memorandum, asserting that plaintiff had filed two cases in 2014 and had continued all matters over four years without appearing in open court. He had also, Suzanne asserted, refused to comply with discovery, failed to appear for a duly noticed deposition, failed to obtain new counsel, and failed to respond to pending motions. On the eve of trial, plaintiff, Suzanne noted, requested yet another extension for all pending matters. Suzanne further argued that, consistent with a local rule, the trial court entered an order requiring plaintiff to appear in person. As to the motion to continue, Suzanne further noted that the hearing had been on the docket for nearly two months while plaintiff remained idle. Next, Suzanne noted that the pleadings before the trial court consisted of the complaint and Suzanne's answer with counterclaim (directed against Stanley). She contended that she was ready for trial, but if plaintiff failed to appear, she requested dismissal with prejudice of all of plaintiff's pending counts for want of prosecution. She further noted that nothing remained in the probate estate, and she sought to resolve all pending claims and then close out the estate.

¶ 9    On January 16, 2019, attorney Peter M. Storm filed an appearance on plaintiff's behalf and personally appeared in court, seeking time to review the file. The trial court dismissed both the will contest and the complaint for want of prosecution. The court's written order reflects that (1) Storm was granted leave to file his appearance and had requested time to review the file, (2) plaintiff's motion to continue was denied, (3) the multicount complaint and the will contest were dismissed for want of prosecution, "as the Parties were not present or answering ready," and (4) Suzanne, the executor, was granted leave to file her final accounting, as all pending matters had been resolved (other than a final accounting and closing of the probate estate). Subsequently, Suzanne filed a final report, and on February 1, 2019, the trial court approved the report and closed the estate.

¶ 10    Plaintiff moved, on February 15, 2019, to vacate the dismissal of the will contest and the complaint and the closing of the estate. See 735 ILCS 5/2-1301(e) (West 2018) ("[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable"). Plaintiff argued that the will contest was not set for trial on January 16, 2019, that it was not mentioned in the November 28, 2018, order, that plaintiff was seeking new counsel, and that he was stymied by new electronic-filing requirements when he attempted to secure a continuance in November 2018. As to the complaint, plaintiff argued that the November 28, 2018, order did not state that the complaint was set for trial but for a hearing, plaintiff was seeking new counsel, and Suzanne's counsel served a trial memorandum on plaintiff via United States mail only one day prior to the "trial," guaranteeing that it would not arrive until after January 16, 2019. Plaintiff argued that the

denial of his motion to continue was erroneous under Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) ("[t]he court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time"). Plaintiff contended that the order closing the estate should be vacated, where plaintiff was seeking to vacate the dismissal of his will contest, he was not allowed 42 days to file an objection (755 ILCS 5/28-11(e) (West 2018)), and there was still pending a petition for citation to discover and recover assets.

¶ 11    On February 20, 2019, the trial court reopened the estate for the purpose of filing objections to the final accounting and report.

¶ 12    Suzanne responded to plaintiff's motion to vacate, arguing that the fact that the will contest was not set for trial was irrelevant to the DWP analysis, which focuses on whether the plaintiff is guilty of inexcusable delay in prosecuting his suit. Suzanne further argued that plaintiff failed to personally appear, lacked diligence, and disregarded the court's directions. As to the complaint, Suzanne added that the trial memorandum filing was left to the parties' discretion. Finally, as to his request to vacate the denial of his motion to continue, Suzanne asserted that plaintiff used an improper legal vehicle to challenge the court's order.

¶ 13    Plaintiff moved to withdraw the portion of his motion to vacate relating to the DWP of the complaint, because he had apparently refiled, on April 9, 2019, the complaint (case No. 19-L-175) pursuant to section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 2018)) and, thus, the motion to vacate as to that complaint, he argued, should be withdrawn as moot. On April 10, 2019, the trial court granted the request to withdraw the motion as moot. It also denied plaintiff's motion to vacate the DWP of the will contest. Subsequently, the court stayed several motions and objections concerning the final accounting pending appeal of the will contest.[5] Plaintiff appeals.

¶ 14                                  II. ANALYSIS

¶ 15    Plaintiff argues that the trial court abused its discretion in (1) entering the DWP in the will contest, where the matter was not set for hearing or trial, where plaintiff had requested an extension after his counsel had withdrawn and had retained new counsel who had joined in the request; (2) entering the DWP of the complaint (assuming this court has jurisdiction), where plaintiff had requested an extension after his previous counsel had withdrawn and had retained new counsel who had joined in the request; and (3) denying plaintiff's motion for a continuance.

¶ 16    We start by considering our jurisdiction over this case. A reviewing court has a duty to consider *sua sponte* whether it has jurisdiction and to dismiss an appeal if it lacks jurisdiction. *In re Marriage of Link*, 362 Ill. App. 3d 191, 192 (2005).

¶ 17    A DWP is a type of involuntary dismissal that courts have always had the inherent power under the common law to enter. *Kraus v. Metropolitan Two Illinois Center*, 146 Ill. App. 3d 210, 212 (1986). "Although there is a preference for resolving cases on the merits [citation], a trial court may dismiss a civil action due to the plaintiff's failure to prosecute with due

_____

[5]Suzanne asserted that Mary's estate was modest, was devoid of any real property, and contained $11,285.14 in personal property, all of which was distributed to Suzanne as sole beneficiary under the will. Plaintiff disputed these assertions.

diligence in order to manage the court's docket and avoid unnecessary burdens on the court and opposing parties." *Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 883 (2009).

¶ 18 Section 13-217 of the Code (also called the savings statute (*DeClerck v. Simpson*, 143 Ill. 2d 489, 490 (1991))) provides that, when an action is dismissed for want of prosecution, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution." 735 ILCS 5/13-217 (West 1994);[6] see also *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497 (1998) (recognizing that, if a plaintiff's action is dismissed for want of prosecution, the plaintiff has the option, under section 13-217 of the Code, to refile the action within one year of the entry of the DWP or within the remaining period of limitations, whichever is greater). Courts liberally construe section 13-217 to achieve its remedial purpose, which is "to protect plaintiffs from complete loss of relief on the merits because of some procedural defect unrelated to the merits." *Edwards v. Safer Foundation, Inc.*, 171 Ill. App. 3d 793, 796 (1988).

¶ 19 A DWP becomes a final order only when the section 13-217 period for refiling ("one year *** or within the remaining period of limitations, whichever is greater") expires. *Vaughan Oil Co.*, 181 Ill. 2d at 497. Accordingly, a DWP remains an unappealable interlocutory order until the plaintiff's option to refile expires. *Id.* at 507. Furthermore, where a timely motion to vacate an order of dismissal has been filed, the one-year refiling period does not *begin* to run until the trial court has *ruled* on the motion to vacate the DWP. *Bowers v. Village of Palatine*, 204 Ill. App. 3d 135, 138-39 (1990) (timely motion to vacate DWP filed within 30 days of DWP order).

¶ 20 A. Will Contest

¶ 21 Section 8-1(a) of the Probate Act provides:

"Within 6 months after the admission to probate of a domestic will in accordance with the provisions of Section 6-4, *** any interested person may file a petition in the proceeding for the administration of the testator's estate or, if no proceeding is pending, in the court in which the will was admitted to probate, to contest the validity of the will." 755 ILCS 5/8-1(a) (West 2018).

¶ 22 Plaintiff filed his will contest on August 24, 2015, which was within six months of the February 27, 2015, admission of Mary's will to probate. On January 16, 2019, the trial court entered the DWP order on the will contest, and on April 10, 2019, the court denied plaintiff's motion to vacate the DWP of the will contest.

¶ 23 Plaintiff maintains that no case law has determined whether a DWP of a will contest bars a refiling (under section 13-217 of the Code) of a will contest after the expiration of the six-month statutory period under section 8-1(a) the Probate Act. He contends that the logic of the jurisdictional nature of section 8-1(a) of the Probate Act suggests that there is no refiling period

---

[6]The most recent version of section 13-217 does *not* provide for refiling after a DWP. *Federal National Mortgage Ass'n v. Tomei*, 2014 IL App (2d) 130652, ¶ 8 n.1. However, in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), the supreme court "held that the amendments that removed the provisions for refiling after a DWP were unconstitutional as not severable from other unconstitutional provisions of the Civil Justice Reform Amendments of 1995 (Pub. Act 89-7, § 15 (eff. Mar. 9, 1995)). Thus, the unamended version is the effective version." *Tomei*, 2014 IL App (2d) 130652, ¶ 8 n.1.

after the six months have expired. See *In re Estate of Mohr*, 357 Ill. App. 3d 1011, 1014 (2005) (where trial court, during the six-month period, granted the plaintiff leave to file will contest at some point in future, it did not err in dismissing will contest that was *filed after* expiration of six-month period; trial court lacked jurisdiction to hear will contest that was not filed within statutory period). It follows, plaintiff reasons, that a refiled petition after a DWP would be beyond that six-month period and, thus, be subject to dismissal under section 8-1(a) of the Probate Act. Plaintiff argues that, because there is no right to refile, the matter here was immediately appealable under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016) (judgment appealable without special finding; judgment or order entered in administration of estate that finally determines right or status of party).

¶ 24    Defendants agree with plaintiff that this court has jurisdiction over the will contest and that no case law exists on whether section 13-217 applies to will contests. Defendants maintain that section 8-1(a) is jurisdictional and trumps section 13-217, because the lack of jurisdiction renders irrelevant a statute of limitations extension. The trial court's DWP of the will contest, defendants assert, constituted a final and appealable order when the section 8-1(a) filing deadline expired. They also contend that will contests are analyzed differently from tort claims (such as those in plaintiff's six-count complaint). Compare *Mohr* 357 Ill. App. 3d at 1014 (holding that, where trial court, during the six-month period, granted the plaintiff leave to file will contest at some point in future, it did not err in dismissing will contest that was *filed after* expiration of six-month period; trial court lacked jurisdiction to hear will contest that was not filed within statutory period), with *In re Estate of Ellis*, 236 Ill. 2d 45, 51 (2009) (six-month period applicable for filing a will contest does not apply to a tort claim for intentional interference with inheritance).

¶ 25    After the admission of a will to probate, section 8-1 of the Probate Act establishes a six-month limitation period to "file a petition *** to contest the validity of the will." 755 ILCS 5/8-1 (West 2018). The single issue in a will contest is whether the document produced is the will of the testator. *Ellis*, 236 Ill. 2d at 51. If a challenger to a will fails to initiate a will-contest proceeding within the six-month statutory period, the validity of the will is established for all purposes. *Id.* at 50.

¶ 26    Formerly some cases deemed the six-month limitation period jurisdictional and not subject to tolling by fraudulent concealment or any other fact not expressly provided for by the Probate Act. See, *e.g.*, *Ruffing v. Glissendorf*, 41 Ill. 2d 412, 419 (1968) (interpreting section 90 of the Probate Act, a predecessor of section 8-1); see also *Mohr*, 357 Ill. App. 3d at 1014 (six-month period "is not a statute of limitations in the ordinary sense but is a jurisdictional statute, for without compliance with the applicable time limit, the trial court loses jurisdiction to hear the will contest"). However, the supreme court, in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 338 (2002), rejected this view. The *Belleville* court noted that, beginning with the 1964 amendments to the judicial article of the 1870 constitution, the legislature's role in determining the jurisdiction of the circuit court "radically changed." *Id.* at 337. Thereafter, the circuit court had original jurisdiction over all justiciable matters, and the legislature's power to define the court's jurisdiction was limited to the area of administrative review. *Id.* (further noting that the 1970 constitution retained this language). The supreme court questioned the precedential value of case law that examined the court's jurisdiction under pre-1964 law. *Id.* As relevant here, the court *rejected* the pre-1964 rule that "a limitations period contained in a statute that creates a substantive right unknown to the common law, and in which

time is made an inherent element of the right, is more than an ordinary statute of limitations; it is a condition of the liability itself and goes to the subject matter jurisdiction of the court." *Id.* at 338. The rule "under which time limitations in statutory actions are deemed jurisdictional, is not a rule of general applicability to all statutory causes of action. Rather, the rule is limited by the constitutional context in which it first arose." *Id.* at 340. *Belleville* instructs that the trial court has jurisdiction to hear a will contest, because it is among the class of cases—those presenting a claim under the Probate Act, a justiciable matter—"to which the court's constitutionally granted original jurisdiction extends." *Id.* at 340-41 (further holding that the limitations period contained in a vehicle-franchise statute was not a jurisdictional prerequisite to suit). Thus, to the extent that post-1964 case law views the six-month limitation in section 8-1(a) of the Probate Act as a jurisdictional requirement, *Belleville Toyota* instructs that that case law is no longer controlling. Therefore, here, we reject defendants' argument that section 8-1(a) is jurisdictional and, thus, for this reason, trumps section 13-217, which is a statute of limitations extension.

¶ 27       Having set forth the appropriate analytical context, we turn to *In re Estate of Breault*, 113 Ill. App. 2d 356 (1969), where the court addressed whether section 24 of the Limitations Act (Ill. Rev. Stat. 1967, ch. 83, ¶ 24a), the predecessor to section 13-217 (*Edwards*, 171 Ill. App. 3d at 796), applied to a will contest under section 90 of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, ¶ 90), a predecessor to section 8-1 of the Probate Act (*Ellis*, 236 Ill. 2d at 50), where the petitioner had been nonsuited. In *Breault*, a will was admitted to probate in the probate court of Cook County, and the petitioners, who resided in Kentucky, filed a will contest in the Northern District of Illinois (because the respondent who allegedly exerted undue influence over the decedent was an Illinois resident). The federal court dismissed the case for want of the jurisdictional amount, and the Seventh Circuit affirmed the order. Within one year of the dismissal, an action was commenced in Cook County. The respondent moved to dismiss, arguing that section 24 did not apply to a will contest under section 90 of the Probate Act. The trial court agreed.

¶ 28       On appeal, the Appellate Court, First District, reversed and remanded. *Breault*, 113 Ill. App. 2d at 362. The court noted that the nine-month period in section 90 (the analog to section 8-1(a) six-month period) had expired at the time of the federal court's nonsuit and dismissal. Section 24 of the Limitations Act provided, the court further noted, that a plaintiff who had been nonsuited could commence a new action within one year. *Id.* at 360. In 1959, section 24a had been amended to add the emphasized language that a plaintiff who had been nonsuited in " 'any *** actions specified in any of the sections of this act *or any other act*' " could commence a new action within one year after being nonsuited. (Emphasis added.) *Id.* (quoting Ill. Rev. Stat. 1959, ch. 83, ¶ 24a). An earlier case, construing the pre-1959 version of the statute, which again did not include the "or any other act" language, had held that section 24 of the Limitations Act did *not* permit a new *will contest* within one year after a nonsuit. *Id.* (citing *Peacock v. Churchill*, 38 Ill. App. 634 (1890)). *Peacock* had stated that the will contest statute was jurisdictional, but *Peacock* recognized that the legislature had the power to add exceptions. *Id.* But see *Belleville Toyota*, 199 Ill. 2d at 338-41. The *Breault* court noted section 24's remedial purpose and held that the 1959 amendment, adding "or any other act," showed that "the Legislature was expanding the benefit of section 24 to all civil actions authorized by any statute 'where the time of commencement of any action is limited.' " *Breault*, 113 Ill. App. 2d at 361 (quoting Ill. Rev. Stat. 1959, ch. 83, ¶ 24a). The court noted that section 24's purpose

was to promote the disposition of cases on the merits. *Id.* at 361-62. Accordingly, it held that, where a plaintiff had timely filed suit but was subsequently nonsuited,

> "the usual policy of early presentation of claims and timely closing of decedents' estates does not counterbalance the public policy that every claimant shall in the interest of justice and fair play have his [or her] cause determined on its merits. The Legislature, by the amendment, clearly has expressed its choice of policies. It has determined to permit filing actions in the particular circumstances enumerated by the statute." *Id.* at 362.

¶ 29 The version of the savings statute addressed in *Breault* included the term "nonsuit." The statute was subsequently amended, and the term "nonsuit" was replaced with "or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution." Ill. Rev. Stat. 1977, ch. 83, ¶ 24a. The reference to a DWP remains in the currently operative version of the statute. 735 ILCS 5/13-217 (West 1994).

¶ 30 *Breault* instructs that section 13-217 applies "to all civil actions authorized by any statute," thereby including will contests under section 8-1(a) of the Probate Act, " 'where the time of commencement of any action is limited.' " *Breault*, 113 Ill. App. 2d at 361 (quoting Ill. Rev. Stat. 1959, ch. 83, ¶ 24a). We acknowledge that this interpretation lengthens the six-month period under section 8-1(a) of the Probate Act, but we believe that *Breault* is well reasoned, and we follow it.

¶ 31 Plaintiff filed a motion to vacate the DWP within 30 days of the DWP order, and the trial court denied the motion on April 10, 2019. Plaintiff's one-year refiling period under section 13-217 began to run on that date. *Bowers*, 204 Ill. App. 3d at 138-39 (one-year refiling period begins to run after court rules on timely motion to vacate DWP, which was filed within 30 days of DWP order). The denial of his motion to vacate (like the DWP order) was not a final and appealable order, and we lack jurisdiction to consider the issues he raises concerning the will contest.

¶ 32 B. Six-Count Complaint

¶ 33 The parties contend that we lack jurisdiction over plaintiff's six-count complaint, although plaintiff's brief contains a section arguing in the alternative that we have jurisdiction. We conclude that we lack jurisdiction over the complaint.

¶ 34 Plaintiff's complaint, filed on March 28, 2016, alleged breach of defendant's fiduciary duty to Mary, conversion of Mary's property, undue influence arising out of a special relationship, and tortious interference with inheritance expectancy. He seeks an accounting, constructive trust, and damages. The trial court consolidated the complaint (case No. 16-L-163) into the probate case (No. 15-P-110). On January 16, 2019, the trial court dismissed the complaint for want of prosecution, and, on February 15, 2019, plaintiff moved to vacate that order. However, on April 9, 2019, plaintiff apparently refiled his complaint (No. 19-L-175), and the trial court, on April 10, 2019, granted his request to withdraw, as moot, his motion to vacate the DWP of the complaint.

¶ 35 We agree that, when the trial court dismissed plaintiff's complaint, which asserted various tort and related claims and was not governed by the Probate Act, on January 16, 2019, for want of prosecution, plaintiff had a right (which he apparently subsequently exercised) to refile under section 13-217 of the Code. Therefore, the January 16, 2019, DWP was not a final and

appealable order. See *Flores v. Dugan*, 91 Ill. 2d 108, 111-15 (1982) (in light of the plaintiffs' absolute right to refile their personal-injury action within one year pursuant to the savings statute, DWP order in personal-injury case was not a final and appealable order under Illinois Supreme Court Rule 301); see also *Vaughan Oil Co.*, 181 Ill. 2d at 502 (a DWP becomes final only when the one-year period for refiling expires). Accordingly, we lack jurisdiction over the appeal from the complaint.

¶ 36                                    III. CONCLUSION

¶ 37        For the reasons stated, we dismiss this appeal for lack of jurisdiction.

¶ 38        Appeal dismissed.