**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190457-U

Order filed August 19, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, | ) ) ) ) ) | Appeal from the Circuit Court of the Tenth Judicial Circuit, Marshall County, Illinois. |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-19-0457 Circuit No. 2014-CH-15 |
| v. | ) ) | |
| JOHN C. STACHEWICZ; NANCY STACHEWICZ, | ) ) ) | The Honorable James A. Mack, |
| Defendants-Appellees. | ) ) | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Lytton and Justice Schmidt concur in the judgment.

**ORDER**

¶ 1   *Held*:   Plaintiff's appeal is dismissed for lack of jurisdiction

¶ 2   Following a status hearing in Marshall County, the circuit court dismissed plaintiff U.S.

Bank's case without prejudice for want of prosecution. Plaintiff filed a motion for summary

judgment, which the court granted. The court then granted defendants John and Nancy

Stachewicz's motion to vacate the summary judgment and denied plaintiff's request to vacate the dismissal for want of prosecution (DWP). Plaintiff appealed, arguing that the trial court abused its discretion in dismissing its case for want of prosecution and in vacating the summary judgment granted against defendants. Defendants contend that the DWP, which is the only surviving order of the trial court, was a non-final interlocutory order, and thus, this Court is without jurisdiction to address the merits of this appeal. We agree and dismiss this appeal for lack of jurisdiction.

¶ 3                                    FACTS

¶ 4        On May 19, 2014, Wells Fargo Bank, N.A. filed a complaint for residential foreclosure action against defendants. On January 23, 2019, after five years of pleadings and counterclaims (none of which is at issue in this appeal), the circuit court entered an order setting the case for status hearing on April 30, 2019. On April 26, in advance of the hearing, Wells Fargo filed a motion for substitution of party plaintiff. As an exhibit to the motion for substitution, Wells Fargo included an Assignment of Mortgage dated June 19, 2017, from Specialized Loan Servicing, LLC to the current party plaintiff, U.S. Bank National Association, acting solely as Trustee for RMAC trust, Series 2016-CTT. Also, on April 26, plaintiff U.S. Bank filed a motion for summary judgment.

¶ 5        On April 30, plaintiff's counsel attempted to appear at the scheduled status hearing using a telephonic appearance service known as CourtCall. However, counsel was not connected with the court and his appearance was not entered. The hearing proceeded without plaintiff's appearance, and the court entered the DWP at issue in this appeal. Plaintiff filed no motion to reinstate the complaint and the court entered no such order. However, on May 15, the court

2

entered a series of orders dismissing other defendants, substituting the party plaintiffs, granting summary judgment against defendants, and entering judgment for foreclosure against defendants.

¶ 6    On June 7, defendants filed a motion to vacate the orders entered on May 15, and on June 28, plaintiff filed a motion to vacate the DWP. On July 3, the court entered an order denying plaintiff's motion to vacate the DWP entered on April 30, and further holding that "[t]he orders entered May 15, 2019, having been entered subsequent to Dismissal without Prejudice for Want of Prosecution are vacated and held for naught." Plaintiff filed a timely notice of appeal on July 29.

¶ 7                                        ANALYSIS

Plaintiff argues that the circuit court abused its discretion in (1) entering the DWP in the original residential foreclosure action and (2) in vacating the order of summary judgment entered against defendants. Defendants respond by challenging our jurisdiction to hear this appeal on its merits.

¶ 8    A reviewing court has a duty to consider *sua sponte* whether it has jurisdiction and to dismiss an appeal if it lacks jurisdiction. *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 9. "Our jurisdiction is limited to review of appeals from final judgments unless otherwise permitted under Illinois Supreme Court rules or by statute." *Id.*

¶ 9    A DWP is a type of involuntary dismissal that courts have always had the inherent power under the common law to enter. *In re Estate of Young*, 2020 IL App (2d) 190392, ¶ 17. It allows a trial court to "dismiss a civil action due to the plaintiff's failure to prosecute with due diligence in order to manage the court's docket and avoid unnecessary burden on the court and opposing parties." *Id.* (quoting *Kraus v. Metropolitan Two Illinois* Center, 146 Ill. App. 3d 210, 212 (1986)). However, pursuant to Section 13-217 of the Code of Civil Procedure, "the plaintiff  ***

3

may commence a new action within one year or within the remaining period of limitation, *whichever is greater*, after *** the action is dismissed for want of prosecution." 735 ILCS 5/13-217 (2019) (emphasis added). Thus, "since [the plaintiff retains] an absolute right to refile the action against the same party or parties and to reallege the same causes of action," a DWP is not a final order. *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982).

¶ 10       A DWP does not become final until, as set out in section 13-217, the expiration of one year from its entry or until the statute of limitations for plaintiff's cause of action expires. *Sunderland ex Rel. Poell v. Portes*, 324 Ill. App. 3d 105, 113 (2001). Because the determinant is the *later* of the options, if either is still viable, the order remains non-final and non-appealable. *Id.* Here, the circuit court entered its order dismissing plaintiff's complaint for want of prosecution on April 30; the plaintiff filed its notice of appeal three months later on July 29. Accordingly, the April 30 order dismissing the complaint for want of prosecution was a non-appealable interlocutory order when plaintiff filed its notice of appeal on July 29. *In re Estate of Young*, 2020 IL App (2d) 190392, ¶ 19 (citing *S.C. Vaughan Oil Co. v. Caldwell, Trout & Alexander*, 181 Ill. 2d 489, 507 (1998)).

¶ 11       In fact, plaintiff does not dispute that the refiling period had not expired. Instead, plaintiff contends that the order became final because, on July 3, the court vacated its previous order of May 15 granting summary judgment against defendants and denied plaintiff's motion to vacate the DWP. Plaintiff argues that the decision to vacate the summary judgment is a final order that makes the entire July 3 order final and appealable. We disagree.

¶ 12       A final order is one that terminates the litigation on the merits of the case and determines the ultimate rights of the parties such that if the judgment is affirmed, the only remaining action to take is to proceed to execution of the judgment. *In re Marriage of Agustsson*, 223 Ill. App. 3d

4

510, 514 (1992). "However, an order vacating a judgment is not final and consequently not appealable because the merits of the case are still pending." *Id.* Similarly, an order vacating a summary judgment is interlocutory and neither final nor appealable. Thus, when the court entered the July 3 order vacating the summary judgment it actually nullified any finality that had occurred from the May 15 order.

¶ 13                                          CONCLUSION

¶ 14        Therefore, we dismiss plaintiff's appeal for lack of jurisdiction because plaintiff did not appeal a final order.

¶ 15        Appeal dismissed.