2024 IL App (1st) 230357-U

SIXTH DIVISION

February 2, 2024

No. 1-23-0357

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CHONG HAO SU, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22 M1 123362 |
| | ) | |
| SHIRLEY S. WONG, | ) | Honorable |
| | ) | Martin Paul Moltz and Jasmine |
| Defendant-Appellee. | ) | V. Hernandez, Judges, |
| | ) | presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1   *Held:*   Plaintiff's appeal is dismissed because this court lacks jurisdiction over appeals from orders dismissing claims for want of prosecution during the period when a plaintiff may still refile the claim.

¶ 2    Plaintiff Chong Hao Su appeals from two orders of the circuit court: a January 12, 2023 order dismissing his complaint for want of prosecution (DWP order), and a February 6, 2023 order maintaining the dismissal. Because these orders are not yet final and appealable, we dismiss for lack of jurisdiction.

¶ 3                                  BACKGROUND

¶ 4    On November 23, 2022, Su filed a *pro se* small claims complaint against defendant Dr. Shirley S. Wong,[1] claiming Wong caused him damages by violating "the professional rule and commercial law and contract law." Specifically, Su alleged he sleeps with the aid of a "sleeping machine," and he needed a "paper" from Wong to procure a new machine. During a visit with Wong the week before he filed the complaint, however, Wong "was very angry and insisted not to give [him] the paper." Wong's conduct, according to Su, "violated her promise" to Su, and thus "violated the commercial law and the contract law." Su alleged he suffered insomnia due to Wong's actions. The record contains a notice sent to Su by the circuit court via email informing him of a Zoom hearing on January 12, 2023, at 9:30 am.

¶ 5    On January 11, 2023, Wong filed an appearance and jury demand, and on January 12, 2023, the circuit court entered an order stating, "This case is dismissed for want of prosecution." A note on the order reads "1/12/23; 930; 1104." Also on January 12, 2023, Su filed a motion for default against Wong, claiming she missed a court date, and her appearance and jury demand were not a proper "reply" to his complaint. A hearing on the motion was scheduled for February 6, 2023.

¶ 6    On February 6, 2023, following a Zoom hearing, the circuit court entered another order, in which it stated that (1) the January 12, 2023 order dismissed Su's claim for want of prosecution,

---

[1] Su incorrectly listed defendant's last name as "Wrong" in his notice of appeal.

(2) Su failed to unmute himself to present his motion on February 6, 2023, and (3) the matter remained "Dismissed for Want of Prosecution." The court further wrote, "For clarification's sake, the Court also orders that Plaintiff's filed Motion for Default be denied," and concluded that the "order of January 12, 2023, dismissing this case for Want of Prosecution stands. This case remains dismissed."

¶ 7    On February 23, 2023, Su filed a motion he titled "Second motion to reconsider the order that dismisses the default judgment requirement." Therein, he claimed the record showed Wong failed to appear at "the [first court] appearance," but the circuit court erroneously refused to find Wong in default. Su also alleged procedural irregularities against the circuit court judge and court staff throughout the pendency of the case and accused the judge of "racial discrimination." Also on February 23, 2023, Su filed a notice of interlocutory appeal, listing the January 12 and February 6 orders as the orders from which he appealed.

¶ 8    On March 10, 2023, the circuit court struck Su's "Second motion to reconsider." In its order, the court noted that Su "failed to appear before the Court for the second time," committed other procedural errors respecting the motion, and his "cause of action remains dismissed."

¶ 9                                    JURISDICTION

¶ 10   On appeal, Su claims the circuit court erred by dismissing his case, and not instead entering a default judgment against Wong. Wong first responds that this court lacks jurisdiction, an argument which we must consider before reaching the merits of Su's arguments.

¶ 11   Su appeals from the circuit court's DWP order of January 12, 2023, and from the February 6, 2023 order, in which the court explained that the matter remained dismissed. The Illinois Code of Civil Procedure states that, after a circuit court enters a DWP order, "the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever

is greater." 735 ILCS 5/13-217 (West 1994).[2] A DWP order remains an interlocutory order that is not final and appealable during the plaintiff's re-filing period. *In re Estate of Young*, 2020 IL App 2d 190392, ¶¶ 17-19 (citing *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497, 507 (1998)).

¶ 12    In Su's November 22, 2022 complaint, he based his claim on an alleged incident that occurred "the week before" he filed the complaint, though he does not specify the exact date. The circuit court entered the DWP order on January 12, 2023, then maintained the matter's DWP status in its February 6, 2023 order. The one-year statutory DWP refiling period does not begin until the court rules on a motion to vacate. *Young*, 2020 IL App (2d) 190392, ¶ 19. Thus, because the circuit court considered and rejected the opportunity to reinstate Su's case in its February 6, 2023 order, the one-year DWP refiling period began on February 6, 2023. *Id.* Additionally, because Su's claim is based on either medical negligence or breach of contract for medical care arising from an incident that occurred in November 2022, his claim is subject to a two-year statute of limitations, which will not expire until November 2024. 735 ILCS 5/13-212(a) (West 2020).

¶ 13    Under these facts and the applicable law, the circuit court's DWP order will not become final and appealable until November 2024, making Su's February 6, 2023 notice of appeal premature. Accordingly, we must dismiss Su's appeal for lack of jurisdiction. See *Young*, 2020 IL App (2d) 190392, ¶¶ 17-19, 31.

¶ 14                            CONCLUSION

---

[2] This statute was later amended, but that amendment was declared unconstitutional in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), making the version of the statute cited here the effective version. See *Federal National Mortgage Ass'n v. Tomei*, 2014 IL App (2d) 130652, ¶ 8 n.2.

¶ 15   Su appealed from an unappealable interlocutory order, and therefore, this court lacks jurisdiction, and must dismiss the appeal.

¶ 16   Appeal Dismissed.